# EXHIBIT 1

LOS ANGELES COMMUNITY COLLEGE DISTRICT
**BOARD RULES, CHAPTER IX, ARTICLE X**
**EVENTS AND ACTIVITIES OF STUDENTS AND STUDENT GROUPS**

### 91001. APPLICATION OF THIS ARTICLE TO NON-FREE SPEECH AREAS.

Events and activities conducted on a college campus by students or associated student organization clubs or groups which do not take place in an area designated for student free speech by the president of the college pursuant to Article IX shall be governed by the rules set forth in this Article.

### 91002. PRESIDENT'S AUTHORITY TO CREATE ADDITIONAL RULES.

The president of each college may adopt and approve rules not set forth in these rules for the purpose of governing the use of the college's facilities. The president shall not approve any rules which are inconsistent with this Article.

Historical Note: Former Board Rule 91104, enacted 3-15-72, repealed 4-20-89.

### 91003. FUND-RAISING EVENTS FOR NONPROFIT PURPOSES.

A college or student body participating with outside organizations in nonprofit fund-raising events such as membership drives, merchandising sales, book collections, or other events when the public is asked to contribute, or solicited to purchase tickets or any merchandise, shall ascertain that the organization is registered with the secretary of state as a nonprofit corporation.

Historical Note: Former Board Rule 91102, enacted 3-15-72, repealed 4-20-89.

## 91004.  SPEAKERS TO CAMPUS GROUPS.

The president of each college shall establish regulations regarding the appearance of visiting speakers in accordance with the following regulations.

Historical Note: Former Board Rule 91100, enacted 3-15-72, repealed 4-20-89.

### 91004.10  Guest Lecturers.

An instructor may invite an individual to participate in his/her class as a guest lecturer. The instructor shall give prior written notice identifying the speaker to the college president or his/her designated representative.

Historical Note: Former Board Rule 91100.10, enacted 3-15-72, repealed 4-20-89.

### 91004.11  Lecturers and Speakers at Student-Sponsored Forums.

Recognized student organizations may invite and hear persons of their own choosing, provided they give prior written notice identifying the speaker to the college president or his/her designated representative.

Historical Note: Former Board Rule 91100.10, enacted 3-15-72, repealed 4-20-89.

### 91004.12  Non-Censorship of Lecturers and Speakers.

Those routine procedures required by an institution before a guest speaker is invited to appear on campus shall be designed only to insure that there is an orderly scheduling of facilities and adequate preparation for the event, and that the occasion is conducted in

a manner appropriate to an academic community. The institutional control of campus facilities shall not be used as a device of censorship. It shall be made clear to the academic and larger community that sponsorship of guest speakers does not necessarily imply approval or endorsement of the views expressed, either by the sponsoring group or the institution.

Historical Note: Former Board Rule 91100.11, enacted 3-15-72, repealed 4-20-89.

### 91005. **APPLICABILITY OF FREE SPEECH RIGHTS.**

All free speech rights accorded students in Article IX shall be accorded them in activities conducted under this Article; the college president shall not approve any rules relating to non-Free Speech Areas which would deny students their free speech rights were they conducting such activities in Free Speech Areas.

Amended: 12-07-16

# EXHIBIT 2

```
RONALD E. GUE
JAY ALAN SEKULOW
15650 Devonshire Street
Granada Hills, CA  91356
(818-891-6106)
Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOIHE ROSEN AND JEWS FOR JESUS, | CASE NO. 88 6991 JMI |
| Plaintiffs, | JOINT DISMISSAL |
| vs. | |
| LOS ANGELES PIERCE COLLEGE AND LOS ANGELES COMMUNITY COLLEGE POLICE DEPARTMENT | |
| Defendants, | |

IT IS HEREBY STIPULATED by and between the parties to this action through their respective counsel that Plaintiffs' challenge to Defendants' Rules concerning the distribution of free non-commercial literature by off campus groups in effect on November 28, 1988 which have since been repealed, be and hereby is dismissed with each party to bear their own costs and attorney fees in the above-entitled action. Plaintiffs' expressly reserve the right to pursue any theories of recovery for damages, if any, and Defendants' expressly reserve the right to assert any defenses or immunities thereto.

It is further understood and agreed by and between the

parties to the above entitled action, through their respective counsel, that the Joint Dismissal is based upon the mutual understanding that the Los Angeles Community College District Chancellor's Directive dated December 16, 1988, remains effective in all respects relating to non-commercial speech and distribution of literature by Plaintiffs.

Dated 5/5/89

WARREN S. KINSLER
General Counsel

Attorney for Defendants
Los Angeles Community College District

Dated: May 10, 1989

RONALD E. GUE

Attorney for Plantiffs

ORDER

Good cause appearing therefor, IT IS SO ORDERED.

Dated: May 11, 1989

UNITED STATES DISTRICT COURT JUDGE



From The Chancellor
**DR. DONALD G. PHELPS**

RECEIVED
'88 DEC 21 P1:53

PRESIDENT'S
OFFICE

Chancellor's Office
Directive Number 49

December 16, 1988

To: College Presidents
Division Heads

Re: DISTRIBUTION OF LITERATURE ON CAMPUS

As you may be aware, the District has been sued by "Jews for Jesus, Inc." alleging that certain campus rules relating to the distribution of literature by non-students violate the First Amendment. The federal district court judge has agreed to hold in abeyance any ruling on the case until at least March 27, 1989, thus providing the District with an opportunity to amend its campus and Board Rules relating to the distribution of literature.

Pending the review and revision of districtwide and campus rules, it has been tentatively agreed between the parties that campus rules requiring or prohibiting the following acts will not be enforced:

1. Campuses may not require the submission of literature for approval prior to distribution; and

2. Those wishing to distribute literature may not be required to remain behind booths or tables while distributing.

Campuses may require non-students to comply with the following types of campus rules:

1. A representative of a group wishing to distribute literature may be required to report the presence of the group on campus to, for example, the dean of student services or the campus police;

2. Identify who the organization is and give the name and address of one of the distributors;

3. Indicate how many people will be distributing;

4. The campus may establish reasonable limitations as to the times at which distribution may occur;

5. The campus may establish reasonable rules as to the location on campus where distribution may occur, including at least central and common areas;

6. Campuses may regulate and, in some instances, prohibit the use of sound amplification equipment;

Chancellor's Office Directive Number 49      -2-         December 16, 1988

7. Campuses may require the distributor to remove and dispose of their discarded literature; and

8. Campuses may prohibit solicitation of donations by non-student distributors.

Clearly, the pending litigation provides ample motivation and opportunity for the District to review its rules regulating the First Amendment activities of students and non-students. I have directed the General Counsel's office to coordinate this process and prepare any necessary rule changes.

In conjunction with this assignment, please forward to the General Counsel's office, by January 2, 1989, all campus rules relating to the regulations of First Amendment activities by students and non-students. Further, do not hesitate to direct any questions or concerns you may have on this issue to Mr. Kinsler, at Ext. 2309.

*Donald G. Phelps*
Chancellor

cc: Board of Trustees
    Chancellor's Staff
    Personnel Commission

# CERTIFICATE OF SERVICE

Case Name: Kevin Shaw v. Kathleen F. Burke, et al.

Case No.: 2:17-cv-02386-ODW-PLA

On May 24, 2017, I filed the following document(s) described as **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

Arthur I. Willner
awillner@leaderberkon.com
David Salazar
dsalazar@leaderberkon.com
LEADER & BERKON LLP
660 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Tel: (213) 234-1750
Fax: (213) 234-1747

Marieke T. Beck-Coon
marieke@thefire.org
Brynne S. Madway
brynne.madway@thefire.org
THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440

☑ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 24, 2017, at Irvine, California.

_Roxanne Koffman_
ROXANNE L. KOFFMAN