JEFFERSON B. SESSIONS III
Attorney General
JOHN M. GORE
Acting Assistant Attorney General
TARA HELFMAN
Senior Counsel
STEVEN MENASHI
Acting General Counsel, Department of Education
THOMAS E. CHANDLER
Deputy Chief, Appellate Section
VIKRAM SWARUUP
Attorney, Appellate Section
    U.S. Department of Justice
    Civil Rights Division
    950 Pennsylvania Ave., N.W.
    Washington, DC 20530
    Telephone: (202) 616-5633
    Facsimile: (202) 514-8490
    Email: vikram.swaruup@usdoj.gov

FILED
CLERK, U.S. DISTRICT COURT
11/9/17
CENTRAL DISTRICT OF CALIFORNIA
BY: SE  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEVIN A. SHAW,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN F. BURKE, et al.,<br><br>Defendants. | No. 2:17-cv-02386-ODW-PLA<br><br>**UNITED STATES'**<br>**SUPPLEMENTAL STATEMENT OF**<br>**INTEREST** |

# SUPPLEMENTAL STATEMENT OF INTEREST
# OF THE UNITED STATES OF AMERICA

The United States submits this Supplemental Statement of Interest under 28 U.S.C. § 517.[1] The United States has an interest in this litigation because Plaintiff has brought a First Amendment challenge to speech restrictions at a public college, a place where freedom of expression is "vital." *Shelton v. Tucker*, 364 U.S. 479, 487 (1960); *see also* Doc. 39 (First Statement of Interest) at 1–2.

On October 31, 2017, Defendants filed a brief in Opposition to the United States' Statement of Interest in this case. Doc. 40. In that brief, Defendants materially mischaracterize several of the United States' arguments. Left unrebutted, these mischaracterizations could be prejudicial to the United States' interest in this case and in future cases. The United States therefore wishes to clarify the record and requests that this Court consider this Supplemental Statement of Interest in evaluating Defendants' erroneous arguments.

## I. DEFENDANTS MISS THE POINT IN ARGUING THAT THEIR PERMITTING REQUIREMENTS ARE NOT "INHERENTLY UNCONSTITUTIONAL"

Defendants devote a substantial portion of their Opposition to the irrelevant—and undisputed—contention that, as a general matter, permitting schemes "are [n]ot [i]nherently [u]nconstitutional" under the First Amendment. Doc. 40 at 2–4. But, of course, the United States has *never* argued otherwise. *See* Doc. 39 at 9–14. To the contrary, the United States has emphasized the well-settled rule that "the government may impose reasonable restrictions on the time,

---

[1] Section 517 provides: "The Solicitor General, or any other officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517.

place, or manner of protected speech." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (cited in Doc. 39 at 8, 15, 19). And it has recognized that, in many instances, it is the duty of the government to impose reasonable restrictions on speech to manage competing uses of public spaces. *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 130 (1992) (cited in Doc. 39 at 7–8, 10–11). Thus, far from arguing that permitting schemes are unconstitutional *per se*, the United States instead argues that Plaintiff Kevin Shaw has adequately pleaded a claim that Los Angeles Pierce College's (Pierce College) permitting restrictions are unconstitutional because they give college administrators unbridled discretion, apply to single speakers and small groups without appropriate justification, and effectively ban all spontaneous speech. *See* Doc. 39 at 9–14.

Defendants fall back on objecting that Pierce College's permitting scheme could not have been a prior restraint because Mr. Shaw was granted a speech permit and was authorized to proceed directly to the Free Speech Area immediately after he submitted his application. Doc. 40 at 2–3. This argument misses the point. The question here is not *whether* Mr. Shaw received a permit to use the Free Speech Area, but *why* he was required to apply for one in the first place. The Supreme Court has held that "[i]t is offensive—not only to the values protected by the First Amendment, but to the very notion of a free society—that in the context of everyday public discourse a citizen must first inform the government of her desire to speak to her neighbors and then obtain a permit to do so." *Watchtower Bible & Tract Soc'y v. Stratton*, 536 U.S. 150, 165–166 (2002).

Thus, if the government, in the person of Pierce College, wishes to establish a permitting scheme, it must ensure that the policy is reasonable and narrowly tailored to serve a significant governmental interest. Doc. 39 at 14–20. Furthermore, the policy must establish "narrowly drawn, reasonable and definite standards for the officials to follow" in granting such permits. *Niemotko v. Maryland*, 340 U.S. 268, 271 (1951). The fact that Mr. Shaw received a permit

when he applied for one has little bearing on whether such standards existed at Pierce College. It is the United States' view that Plaintiff has sufficiently pleaded facts which, if true, suggest that the College's permitting policy does not pass constitutional muster. *See* Doc. 39 at 3, 5 (noting that the College's Free Speech Area Policy was unpublished and, according to Mr. Shaw, unevenly enforced).

## II. DEFENDANTS MISCHARACTERIZE THE WELL-SETTLED LAW GOVERNING THE REGULATION OF FREE SPEECH ON PUBLIC PROPERTY

Defendants next claim that the United States "has completely ignored established Supreme Court precedent defining both traditional and designated public fora." Doc. 40 at 4. The United States does no such thing. In fact, even Defendants recognize that the United States has cited the very "Supreme Court precedent" that Defendants view as controlling. *Id.* at 4–7. Indeed, the United States' first Statement of Interest notes that "the power of the government to regulate speech on college and university campuses is contingent on the character of the forum in question." Doc. 39 at 7 (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 44 (1983)). Here, Plaintiff challenges a Los Angeles Community College District rule that renders all areas outside the Free Speech Area non-public fora that are not open to free speech and expression. Doc. 1 ¶ 35; *id.*, Ex. A at 31. The United States has explained that, under the governing Supreme Court precedent, such a broad and indiscriminate prohibition on speech cannot pass constitutional muster as a valid time, place, or manner restriction. *See* Doc. 39 at 14–20.

Defendants also attempt to avoid this conclusion by disputing many of Mr. Shaw's factual allegations—but such disputes cannot support dismissal under Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). In particular, they assert that "while the Los Angeles Community College District's campuses may have physical attributes resembling other traditional and designated

public forums, there is neither a tradition nor a governmental designation turning the campuses into public forums." Doc. 40 at 5. Yet Mr. Shaw has pleaded facts that, if credited, contradict Defendants' characterizations. For example, he alleges that students, himself included, were allowed to engage in expressive activity in campus spaces outside the Free Speech Area on several occasions, notwithstanding the College and District rules. Doc. 1 ¶ 66. As noted in the First Statement of Interest, under *OSU Student Alliance v. Ray*, 699 F.3d 1053 (9th Cir. 2012), the College's acquiescence in these activities, together with the particular physical characteristics of the relevant campus areas, could effectively nullify District and College rules prohibiting speech outside the Free Speech Area. Doc. 39 at 17.

To this, Defendant responds that "the United States conveniently disregards a key operative fact in *OSU Student Alliance*—there was a state regulation which expressly turned the grounds of Oregon State University into a designated public forum." Doc. 40 at 6. Again, the United States does no such thing. The United States argues that in the present case, as in *OSU Student Alliance*, a college's speech regulations cannot be self-justifying. There, as here, the Defendants' "reasoning is circular: the contention is that the policy placed a limitation on the forum, and that the limitation on the forum in turn justified the policy." *OSU Student Alliance*, 699 F.3d at 1063; *see also Hays Cty. Guardian v. Supple*, 969 F.2d 111, 117 (5th Cir. 1992). The Constitution demands more. Defendants must show that the challenged policies are narrowly tailored to further a significant government interest and that they leave open sufficient alternative channels for communication. *Perry Educ. Ass'n*, 460 U.S. at 45; *Ward*, 491 U.S. at 791. Defendants have failed to do so at the pleading stage, so Mr. Shaw has pleaded First Amendment claims. *See* Doc. 39 at 14–20.

## III. THE UNITED STATES' PARTICIPATION IN THIS CASE IS PROPER

Finally, Defendants take issue with the United States' participation in this case (Doc. 40 at 1, 8–9), but they nowhere dispute that the United States has a statutory right to file statements of interest here, *see* 28 U.S.C. § 517. Moreover, Defendants' claim that the United States "indicts Defendants as though Plaintiff's factual allegations have not only been proven, but are conclusively indicative of a First Amendment violation" (Doc. 40 at 1) is false. As the United States has explained, it takes Plaintiff's "well-pleaded allegations" as true without taking any view "regarding whether Plaintiff will succeed in proving these allegations at trial." Doc. 39 at 2. And the United States in no way "attempts to distract the Court" by filing a Statement of Interest in this case. Doc. 40 at 9. Rather, the United States simply has explained that Defendants' prohibition of expressive activity on all but 660 square feet of the Pierce College campus and imposition of an unbounded permitting scheme create a plausible claim that they have violated the First Amendment. *See* Doc. 39.

# CONCLUSION

The United States respectfully requests that the Court consider the foregoing in resolving the pending motion to dismiss.

Dated: November 9, 2017

Respectfully submitted,

JEFFERSON B. SESSIONS III
Attorney General

JOHN M. GORE
Acting Assistant Attorney General

TARA HELFMAN
Senior Counsel

STEVEN MENASHI
Acting General Counsel, Department of Education

THOMAS E. CHANDLER
Deputy Chief, Appellate Section

  /s/ Vikram Swaruup
VIKRAM SWARUUP
Attorney, Appellate Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Telephone: (202) 616-5633
Facsimile: (202) 514-8490
Email: vikram.swaruup@usdoj.gov