ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Warren S. Kinsler  State Bar No. 103265
    WKinsler@aalrr.com
Sharon J. Ormond  State Bar No. 195812
    SOrmond@aalrr.com
S. Brooke Romero  State Bar No. 312448
    BRomero@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendants KATHLEEN F. BURKE, EARIC DIXON-PETERS, WILLIAM A. MARMOLEJO, JUAN C. ASTORGA, FRANCISCO C. RODRIGUEZ, SCOTT J. SVONKIN, SYDNEY K. KAMLAGER, MIKE FONG, MIKE ENG, ANDRA HOFFMAN, ERNEST H. MORENO, AND NANCY PEARLMAN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN F. BURKE, in her individual and official capacities; EARIC DIXON-PETERS, in his individual and official capacities; WILLIAM A. MARMOLEJO, in his individual and official capacities; JUAN C. ASTORGA, in his individual and official capacities; FRANCISCO C. RODRIGUEZ, in his official capacity; SCOTT J. SVONKIN, in his official capacity; SYDNEY K. KAMLAGER, in her official capacity; MIKE FONG, in his official capacity; MIKE ENG, in his official capacity; ANDRA HOFFMAN, in her official capacity; ERNEST H. MORENO, in his official capacity; NANCY PEARLMAN, in her official capacity; and JOHN DOE, in his individual and official capacities,<br><br>    Defendants. | Case No.   2:17-cv-02386-ODW-PLA<br><br>Hon. Otis D. Wright, II<br><br>**SCHEDULING CONFERENCE JOINT REPORT [FED. RUL. CIV. PROC. RULE 26(F); LOCAL RULE 26-1]**<br><br>Scheduling Conference: April 16, 2018<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 5D<br><br><br>Complaint Filed: March 28, 2017 |

005205.00099
19789239.2

SCHEDULING CONFERENCE JOINT REPORT

Pursuant to this Court's Order Setting Scheduling Conference ("Conference Order"), dated February 2, 2018, Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26") and Central District of California Local Rule 26-1, the Parties hereto, except for Defendant JOHN DOE, respectfully submit this Joint Scheduling Report.

Counsel for the Parties conferred telephonically on February 12, 2018, and discussed the subjects prescribed by the Conference Order, Rule 26, and Local Rule 26-1, and came to the following agreements on the matters listed herein.

## I. RULE 26

### A. Proposed Discovery Schedule and Discovery Issues

Pursuant to Rule 26(a), the Parties exchanged initial disclosures on February 26, 2018.

The Parties propose a discovery cutoff date of August 31, 2018, with initial written discovery responses due at the end of May 2018, depositions to be taken in June 2018, and further written discovery be due by the discovery cutoff date.

The Parties are not currently aware of any issues related to the preservation of electronically stored information. The Parties anticipate the form of disclosures will depend on the volume of the respective request. However, the Parties presently anticipate that electronically stored information will be produced, if possible, as readable PDF files with load files for use in Concordance. If this is not possible, the Parties agree to cooperate with one another to produce records in a mutually agreeable format.

The Parties agree that they will address issues of privilege as they arise. For example, depending on the scope of the Parties' requests, issues related to attorney-client privilege may arise.

None of the Parties are proposing changes to the limits on discovery imposed under the Federal Rules of Civil Procedure, or this Court's Local Rules.

The Parties are not asking the Court to issue additional orders under Rule 26(a) or under Federal Rules of Civil Procedure Rule 16(b) and (c) at this time.

**B.     Proposed Schedule of Law and Motion**

The Parties propose a dispositive motion filing cutoff date of September 28, 2018, with a hearing deadline of November 5, 2018. The Parties presently anticipate that initial briefing will occur in September, with filing by end of September, and a hearing on or about November 5, 2018.

**C.     Settlement Efforts and Proposed Settlement Procedure**

The Parties initiated settlement discussions prior to and during their Local Rule 7-3 meet and confer regarding Defendants' Motion to Dismiss in May 2017. The parties agreed that the case involves significant constitutional issues, the resolution of which would require analysis of proposed revisions to policies and procedures. The Parties continued discussions following the filing of Defendants' Motion to Dismiss and stipulated to postpone the hearing date on the motion from August 21, 2017 to October 16, 2017, in order to allow additional time for settlement efforts. However, the Parties did not reach an agreement on proposed policy and procedure revisions and ended settlement discussions in August 2017.

The Parties have discussed possible options of alternative dispute resolution, and have agreed to ADR Procedure No. 2, as set forth in Local Rule 16-15.4, appearance before a neutral selected from the Court's Mediation Panel. However, the Parties have agreed to this option on the condition that Gail Killefer, Esq. serves as the ADR Officer. On March 7, 2018, Arthur I. Willner, Counsel for Plaintiff, contacted Ms. Killefer by telephone, and Ms. Killefer was agreeable to serving as the ADR Officer on this case.

**D.     Estimated Trial Length and Proposed Dates**

The Parties anticipate a jury trial of approximately five (5) days.

The Parties propose a trial date of December 10, 2018, and a pre-trial conference date of November 19, 2018.

**E.     Other Parties Likely to Be Added**

Plaintiff proposes to amend the complaint to name Charles Johnson, an

1 employee at Pierce College, as a defendant, in place of John Doe; and to substitute,
2 pursuant to Federal Rule of Civil Procedure 25(d), two defendants who were sued in
3 their official capacities but no longer serve on the Board of Trustees of the Los
4 Angeles Community College District, Mike Eng and Nancy Pearlman, with two new
5 Trustees, Gabriel Buelna and Steven Veres. An additional defendant, Sydney
6 Kamlager, just recently won her election for a seat in the California State Assembly.
7 Accordingly, she will soon be resigning from the District's Board of Trustees to
8 assume her new office. It is unknown at this time when her position on the Board of
9 Trustees will be filled, or by whom.

10 **F.**     **Trial by Jury or Court**
11     Plaintiff has requested a jury trial.
12 **G.**     **Other Issues Affecting Case Status or Management**
13     Should Plaintiff be granted leave to amend the Complaint, Defendant
14 anticipates filing an additional Motion to Dismiss on behalf of the defendant who is
15 named in place of Defendant John Doe and a Motion to Strike allegations
16 concerning entitlement to monetary damages from Defendants named in their
17 individual capacities based on qualified immunity consistent with the Court's Order
18 filed January 17, 2018 on Defendants' earlier Motion to Dismiss.
19     The Parties are not currently aware of any other issues which they anticipate
20 will affect the management of this case.
21 **H.**     **Severance, Bifurcation, or Ordering of Proof**
22     The Parties do not presently intend to raise issues of severance, bifurcation, or
23 ordering of proof.

24 **II. LOCAL RULE 26-1**

25 **A.**     **Complex Cases**
26     The Parties agree that this case does not qualify as complex, and that the
27 procedures contained in the Manual for Complex Litigation do not need to be
28 utilized.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19789239.2

**B. Motion Schedule**

The Parties intend to file cross-motions for summary judgment. As set forth in Section I.B. above, the Parties propose a dispositive motion filing cutoff date of September 28, 2018, with a hearing deadline of November 5, 2018.

**C. Trial Estimate**

As set forth in Section I.D. above, the Parties anticipate a jury trial of approximately five (5) days.

**D. Additional Parties**

See Sections I.E. and I.G., above.

**E. Expert Witnesses**

None of the Parties anticipate utilizing expert witnesses. However, should any Party later intend to utilize expert witnesses, the Parties agree to the default disclosure deadline of ninety (90) days before trial.

## III. CONFERENCE ORDER

**A. Synopsis of Principal Issues of the Case**

### 1. Plaintiff's Synopsis

Plaintiff alleges that Defendants, by maintaining and enforcing certain policies and practices at both the District and college level, have violated his right to freedom of expression under the First and Fourteenth Amendments to the United States Constitution. Public colleges are bound by the First Amendment *see, e.g.*, *Healy v. James*, 408 U.S. 169 (1972), and *Widmar v. Vincent*, 454 U.S. 263 (1981), and may not simply prohibit students from engaging in speech and expressive activity in the vast majority of the open, outdoor areas of campus by declaring them "non-public forums." *Khademi v. S. Orange Cty. Cmty. Coll. Dist.*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002). As alleged in Plaintiff's First Cause of Action, the District Board Rules, which Plaintiff collectively refers to as the "District Free Speech Policy," does just that, and is unconstitutional on its face and as applied to Plaintiff. Complaint ("Cp.") ¶¶ 28-39, 89-97.

Pierce College implements the District Free Speech Policy by designating a tiny free speech area to which student expressive activities at Pierce College are confined (the "Pierce College Free Speech Area Policy"). Cp. ¶¶ 40-43. As alleged in Plaintiff's Second Cause of Action, this restriction does not meet the requirements of a reasonable time, place, and manner restriction, *see Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288 (1984), and is facially unconstitutional. Cp. ¶¶ 98-104.

In addition to limiting the space in which students may express themselves, the Pierce College Free Speech Area Policy requires that students obtain a permit and provide certain information to the college before engaging in expressive activities. There is a heavy presumption against the constitutionality of such prior restraints, *see, e.g.*, *Berger v. City of Seattle*, 569 F.3d 1029 (9th Cir. 2009). As alleged in Plaintiff's Third Cause of Action, the Pierce College Free Speech Area Policy does not have the requisite safeguards to overcome this presumption and is facially unconstitutional. Cp. ¶¶ 105-115.

As alleged in Plaintiff's Fourth Cause of Action, Pierce College Defendants enforced the Pierce College Free Speech Area Policy against Plaintiff. By maintaining and enforcing policies and practices that unconstitutionally limited Plaintiff's expressive activities, including policies and practices that were not generally accessible to students, Defendants violated Plaintiff's right to free speech under the First and Fourteenth Amendments. Cp. ¶¶ 116-125.

As alleged in Plaintiff's Fifth Cause of Action, by requiring Plaintiff to obtain a permit in order to engage in expressive activities on campus, Defendants maintained and enforced policies and practices, including policies and practices that were not generally accessible to students, which imposed an unconstitutional prior restraint on Plaintiff in violation of his right to free speech under the First and Fourteenth Amendments. Cp. ¶¶ 126-132.

Plaintiff's Sixth Cause of Action requests declaratory and injunctive relief in

order to halt the ongoing violation of Plaintiff and other students' rights caused by the continued maintenance of unconstitutional policies. Cp. ¶¶ 133-137.

The principle issues in the case are whether the District Free Speech Policy and the Pierce College Free Speech Area Policy are facially unconstitutional, and whether the District and Pierce College policies and practices are unconstitutional as applied to Plaintiff.

### 2. **Defendants' Synopsis**

Plaintiff's claims are divided into two categories: facial and as-applied. Plaintiff's claims are further subdivided into facial and as-applied challenges to the District Board Rules (9901, et seq.), and what the Plaintiff refers to as the "Pierce College Policies"—essentially the procedures implementing the Board Rules at Pierce College. Defendants emphasize that while each claim is related; Plaintiff's claims are separate and distinct from one another, and therefore should not be conflated in the manner that Plaintiff has attempted in his Complaint and successive pleadings. More specifically:

- Plaintiff's First Cause of Action is both a facial and as-applied challenge to the District's Board Rules on Free Speech.
- Plaintiff's Second Cause of Action is a facial challenge to the "Pierce College Free Speech Area Policy," or, in other words, a facial challenge to the procedures implementing the District Board Rules at Pierce College.
- Plaintiff's Third Cause of Action is another facial challenge to the Pierce College Free Speech Area Policy, but specifically alleges that the Policy imposes an unconstitutional "prior restraint on the freedom of expression of all Pierce College students." Complaint ("Cp."), ¶ 106.
- Plaintiff's Fourth Cause of Action is an as-applied challenge to the "Free Speech Area Policy and Practices." This claim is based on Plaintiff's allegations that "Defendant John Doe enforced the Pierce College Free Speech Area Policy by preventing Shaw from distributing literature or

speaking to fellow students about his political views outside of Pierce's Free Speech Area on November 2, 2016." Cp., ¶ 117. Plaintiff alleges that his rights were further violated when Defendant Astorga purportedly "obstructed [him] for several weeks from receiving a copy of the permit he had signed on November 2, 2016, or any written copy of the Pierce College Free Speech Area Policy…" Cp., ¶ 120.

- Plaintiff's Fifth Cause of Action is another as-applied challenge to the "Pierce College Free Speech Area Policy and Practices," but specifically alleges that the procedures implementing the Board Rules at Pierce College imposed a prior restraint on his speech and expressive activity. Cp. at ¶ 127.
- Plaintiff's Sixth Cause of Action contains no additional allegations or claims—rather; it is a request for declaratory and injunctive relief based on the aforementioned claims.

Thus, while Plaintiff's claims are each based on related "policies" and circumstances, Defendants respectfully request that this Court be mindful of the distinction between the District and site-level "policies," as well as any application thereof to the Plaintiff in considering his claims for relief. Defendants maintain that the District Board Rules and the procedures implementing those Board Rules at Pierce College are neither facially unconstitutional (because the campuses of community colleges are not traditional fora), nor were the Rules and procedures unconstitutional as applied to the Plaintiff.

As such, the principle issues of the case are: the constitutionality of the Board Rules as a primary matter, the constitutionality of the Pierce College procedures implementing the Board Rules, and, secondarily, the constitutionality of the application of such Rules and procedures to the Plaintiff. For the reasons detailed in Defendants' Motion to Dismiss and related pleadings, as well as the forthcoming Motion for Summary Judgment that the Defendants anticipate filing, the Board Rules and Pierce College procedures are constitutional on their face based on well-

established Supreme Court precedent (*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) [by definition, a designated forum cannot be one that is opened to students alone—it is only created where the government opens its property *to the public* in general]; *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 802 (1985) [a designated public forum is not "created by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional public forum for public discourse."]; *Arkansas Educ. Television Com'n v. Forbes ("Forbes")*, 523 U.S. 666, 677 (1998); *Pleasant Grove City v. Summum ("Summun")*, 555 U.S. 460, 469 (2009); *DiLoreto v. Downey Unified School Dist. Bd. of Educ.*, 196 F.3d 958 (9th Cir. 1999); *Souders v. Lucero*, 196 F.3d 1040, 1043-1044 (9th Cir. 1999) [outdoor space of a state university was not a public forum].) and to the extent they have been applied to the Plaintiff in this case (*Pleasant Grove City*, 555 U.S. at 470 [regulations in a limited public forum need only be viewpoint neutral and reasonable in light of the purposes served by the forum]; *Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661 (2010)).

While Plaintiff attempts to blur the lines between his claims, Defendants will demonstrate that the individual causes of action are distinguishable, yet similar in that Plaintiff will be unable to establish a constitutional violation for each in light of established First Amendment precedent.

## B. <u>Whether Pleadings Likely to Be Amended</u>

As indicated in Section I.E. above, Plaintiff proposes to amend the complaint to name Charles Johnson, an employee at Pierce College, as a defendant, in place of John Doe; and to substitute, pursuant to Federal Rule of Civil Procedure 25(d), two defendants who were sued in their official capacities but no longer serve on the Board of Trustees of the Los Angeles Community College District, Mike Eng and Nancy Pearlman, with two new Trustees, Gabriel Buelna and Steven Veres. Further, an additional defendant, Sydney Kamlager, has been elected to a seat on the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1 California State Assembly. Accordingly, she will soon be resigning from the
2 District's Board of Trustees to assume her new office. It is unknown at this time
3 when her position on the Board of Trustees will be filled, or by whom.

4 **C.     Issues Which May Be Determined by Motion**

5 Defendants anticipate filing a Motion for Summary Judgment to resolve the
6 issue of the nature of the District's property as it relates to students, the
7 constitutionality of the Board Rules on their face and as applied and the
8 constitutionality of the Pierce College procedures on their face and as applied.

9 Plaintiff anticipates filing a Motion for Summary Judgment to resolve
10 whether there exists a genuine dispute of material fact that Plaintiff established the
11 claims for violation of his constitutional rights that the Court held Plaintiff
12 adequately pled in its January 17, 2018 Order on Defendants' Motion to Dismiss.

13 Dated: April 9, 2018                LEADER & BERKON LLP

15                                     By: */s/ Arthur I. Willner*
                                           Arthur I. Willner
16                                         Attorneys for Plaintiff Kevin Shaw

19 Dated: April 9, 2018                ATKINSON, ANDELSON, LOYA, RUUD & ROMO

21                                     By: */s/ Sharon J. Ormond*
                                           Warren S. Kinsler
22                                         Sharon J. Ormond
                                           S. Brooke Romero

23                                         Attorneys for Defendants KATHLEEN F.
24                                         BURKE, EARIC DIXON-PETERS,
                                           WILLIAM A. MARMOLEJO, JUAN C.
25                                         ASTORGA, FRANCISCO C. RODRIGUEZ,
                                           SCOTT J. SVONKIN, SYDNEY K.
26                                         KAMLAGER, MIKE FONG, MIKE ENG,
                                           ANDRA HOFFMAN, ERNEST H.
                                           MORENO, AND NANCY PEARLMAN

005205.00099
19789239.2

- 10 -
SCHEDULING CONFERENCE JOINT REPORT

# CERTIFICATE OF SERVICE

Case Name: *Kevin Shaw v. Kathleen F. Burke, et al.*
Case No.: 2:17-cv-02386-ODW-PLA

On April 9, 2018 I filed the following document(s) described as **SCHEDULING CONFERENCE JOINT REPORT** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Arthur I. Willner<br>    Email: awillner@leaderberkon.com<br>David Salazar<br>    Email: dsalazar@leaderberkon.com<br>LEADER & BERKON LLP<br>660 S. Figueroa Street, Suite 1150<br>Los Angeles, CA 90017<br>Tel: (213) 234-1750<br>Fax: (213) 234-1747 | **Attorneys for Plaintiff Kevin A. Shaw** |
| Marieke Tuthill Beck-Coon<br>(*admitted pro hac vice*)<br>    Email: marieke@thefire.org<br>Brynne Sasha Madway<br>(*admitted pro hac vice*)<br>    Email: brynne.madway@thefire.org<br>THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION<br>510 Walnut Street, Suite 1250<br>Philadelphia, PA 19106<br>Tel: (215) 717-3473<br>Fax: (215) 717-3440 | **Attorneys for Plaintiff Kevin A. Shaw** |
| Jefferson B. Sessions III<br>John M. Gore<br>Tara Helfman<br>Steven Menashi<br>Thomas E. Chandler<br>Vikram Swaruup<br>    Email: vikram.swaruup@usdoj.gov<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Rights Division<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Telephone: (202) 616-5633<br>Facsimile: (202) 514-8490 | **Interested Party** |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19789239.2

- 1 -
CERTIFICATE OF SERVICE

☑ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

Executed on April 9, 2018, at Cerritos, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ *Roxanne Koffman*
Roxanne Koffman

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333