1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arthur I. Willner, State Bar No. 118480
Email: awillner@leaderberkon.com
LEADER & BERKON LLP
660 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Tel: (213) 234-1750; Fax (213) 234-1747

Marieke Tuthill Beck-Coon (admitted *pro hac vice*)
Email: marieke@thefire.org
Brynne Sasha Madway (admitted *pro hac vice*)
Email: brynne.madway@thefire.org
THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473; Fax (215) 717-3440

Attorneys for Plaintiff Kevin A. Shaw

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN A. SHAW**, <br><br> Plaintiff, <br><br> vs. <br><br> **KATHLEEN F. BURKE**, *in her individual and official capacities*; **EARIC DIXON-PETERS**, *in his individual and official capacities*; **WILLIAM A. MARMOLEJO**, *in his individual and official capacities*; **JUAN C. ASTORGA**, *in his individual and official capacities*; **FRANCISCO C. RODRIGUEZ**, *in his official capacity*; **SCOTT J. SVONKIN**, *in his official capacity*; | Case No. 2:17-cv-02386-ODW-PLA <br><br> **DECLARATION OF ARTHUR I. WILLNER IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> Date:   May 7, 2018 <br> Time:   1:30 p.m. <br> Dept.:   Courtroom 5D <br><br> Motion Filed: April 9 2018 <br> Current Response Due April 16, 201 |

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Arthur Willner In Support of Plaintiff's Motion For Leave to File an Amended Complaint
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

1  **SYDNEY K. KAMLAGER**, *in her*
   *official capacity*;                          )
2  **MIKE FONG**, *in his official capacity*;    )
3  **MIKE ENG**, *in his official capacity*;     )
   **ANDRA HOFFMAN**, *in her official*          )
4  *capacity*; **ERNEST H. MORENO**, *in*        )
   *his official capacity*;                      )
5  **NANCY PEARLMAN**, *in her official*         )
6  *capacity*; and **JOHN DOE**, *in his*        )
   *individual and official capacities*,         )
7                                                )
                                                 )
8              Defendants.                        )
9  _____             )

10

11         I, Arthur I. Willner, declare as follows:

12         1.      I am an attorney at law duly licensed to practice before all the courts of

13  the State of California and the U.S. District Court for the Central District of

14  California.  I am attorney of record for plaintiff in this action.  I am one of the

15  attorneys primarily responsible for the prosecution of this matter.  If called upon to

16  testify, I could and would do so competently based on my personal knowledge as

17  follows.

18         2.      Attached hereto as Exhibit 1 is a true and complete copy of Plaintiff's

19  proposed First Amended Complaint.

20         3.      Attached hereto as Exhibit 2 is a true and complete copy of the email,

21  dated March 7, 2018, in which defense counsel advised that Defendants would

22  stipulate to Plaintiff's filing of his proposed Amended Complaint ("just not whether

23  you have named the right name").

24         4.      Attached hereto as Exhibit 3 is a true and complete copy of my email,

25  dated July 31, 2017, attaching a proposed Stipulation and Order identifying the

26  individual Plaintiff believed to be the John Doe defendant.

27         5.      However, on August 1, 2017, defense counsel Sharon Ormond advised

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
Declaration of Arthur Willner In Support of Plaintiff's Motion For Leave to File an Amended Complaint
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

1    me during a telephone conversation that the identification (referenced in ¶4 above)

2    was incorrect and that she was not authorized by Defendants to disclose this

3    person's actual identity.  Attached hereto as Exhibit 4 is a true and complete copy

4    of my email to defense counsel confirming this conversation and attaching a revised

5    stipulation extending the time for Plaintiff to identify the John Doe defendant.

6          6.    Attached hereto as Exhibit 5 is a true and complete copy of plaintiff's

7    counsel Marieke Tuthill Beck-Coon's email, dated August 23, 2017, attaching a

8    video of the interaction between Plaintiff and the John Doe defendant.

9          7.    Attached hereto as Exhibit 6 is a true and complete copy of defense

10    counsel Warren S. Kinsler's email, dated August 28, 2017, informing Plaintiff's

11    counsel that Plaintiff had still not correctly identified the John Doe defendant.

12          8.    Attached hereto as Exhibit 7 is a true and complete copy of defense

13    counsel Sharon Ormond's email, dated January 5, 2018, agreeing to a further

14    stipulation to extend the deadline to identify and serve fictitious defendants to

15    March 15, 2018.

16          9.    Attached hereto as Exhibit 8 is a true and complete copy of

17    Defendants' Initial Disclosures.  The disclosures finally identify "Charles Johnson"

18    as the person whose interactions with Plaintiff appear to match the individual

19    described in the Complaint as the John Doe defendant.

20          10.    Attached hereto as Exhibit 9 is a true and complete copy of my email,

21    dated March 22, 2018, attaching the proposed First Amended Complaint and the

22    stipulation that defense counsel Sharon Ormond had agreed to sign in her email of

23    March 7, 2018.

24          11.    Attached hereto as Exhibit 10 is a true and complete copy of defense

25    counsel Sharon Ormond's email, dated March 27, 2018, stating that Defendants had

26    changed their mind and would not sign the stipulation for the filing of the First

27    Amended Complaint.

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
Declaration of Arthur Willner In Support of  Plaintiff's Motion For Leave to File an Amended Complaint
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

1        12.    Attached hereto as Exhibit 11 is a true and complete copy of my email,

2 dated March 27, 2018, responding to defense counsel Sharon Ormond's email of

3 the same date.

4        I declare under penalty of perjury under the laws of the State of California

5 and the United States that the foregoing is true and correct. Executed on April 9,

6 2018 at Los Angeles, California.

7

8                                  Arthur I. Willner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Arthur Willner In Support of Plaintiff's Motion For Leave to File an Amended Complaint
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

Arthur I. Willner, State Bar No. 118480
Email: awillner@leaderberkon.com
LEADER & BERKON LLP
660 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Tel: (213) 234-1750; Fax (213) 234-1747

Marieke Tuthill Beck-Coon (admitted *pro hac vice*)
Email: marieke@thefire.org
Brynne Sasha Madway (admitted *pro hac vice*)
Email: brynne.madway@thefire.org
THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473; Fax (215) 717-3440

Attorneys for Plaintiff Kevin A. Shaw

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN A. SHAW,** | Case No. 2:17-cv-02386-ODW-PLA |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** |
| **KATHLEEN F. BURKE**, *in her individual and official capacities*; **EARIC DIXON-PETERS**, *in his individual and official capacities*; **WILLIAM A. MARMOLEJO**, *in his individual and official capacities*; **JUAN C. ASTORGA**, *in his individual and official capacities*; **FRANCISCO C. RODRIGUEZ**, *in his official capacity*; **SCOTT J. SVONKIN,** *in his official capacity*; | **DEMAND FOR TRIAL BY JURY** |

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

**EXHIBIT 1   Declaration   pg 5**

**SYDNEY K. KAMLAGER**, *in her official capacity*;
**MIKE FONG**, *in his official capacity*;
**GABRIEL BUELNA**, *in his official capacity*;
**ANDRA HOFFMAN**, *in her official capacity*; **ERNEST H. MORENO**, *in his official capacity*;
**STEVEN F. VERES**, *in his official capacity*; and **CHARLES JOHNSON**, *in his individual and official capacities*,

    Defendants.

Plaintiff Kevin Shaw complains of Defendants and alleges as follows:

## I.  INTRODUCTION

1.  The Supreme Court has made clear held that "state colleges and universities are not enclaves immune from the sweep of the First Amendment," *Healy v. James*, 408 U.S. 169, 180 (1972), and that "[w]ith respect to persons entitled to be there, our cases leave no doubt that the First Amendment rights of speech and association extend to the campuses of state universities," *Widmar v. Vincent*, 454 U.S. 263, 268 (1981). In defiance of this binding precedent, the Los Angeles Community College District (the "District"), and Los Angeles Pierce College ("Pierce College"), by and through their administrative officials, maintain a complex regime of policies and practices that quarantine students who, like Shaw, wish to exercise their First Amendment rights, to tiny spaces on District campuses. Making matters yet worse, the District and Pierce College force students like Shaw to seek permission from campus administrators before engaging in even the most time-honored forms of speech and expressive activity at the core of First Amendment protections.

/ / /

- 2 -
First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 6**   Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

2.      The District designates the majority of each of its nine community college campuses as non-public forums. The president of each college is required to create "Free Speech Area(s)," which the District designates as limited public forums. See a true and correct copy of Los Angeles Community College District Board Rule, Chapter IX, Article IX, Freedom of Speech, attached hereto as Exhibit A.

3.      In accordance with this directive, Pierce College, a community college within the District, has implemented its own policies and practices governing free speech and expressive activity, establishing a tiny "Free Speech Area" for speech and expressive activity to take place on its campus. Pierce College's Free Speech Area consists of a small area, confined by painted lines, on the side of a campus thoroughfare. The area measures approximately 616 square feet, comprising approximately .003% of the total area of Pierce College's 426-acre campus. In contravention of its long-established constitutional obligations as a public institution, Pierce College has unreasonably restricted the freedom of expression on its campus to these tiny confines.

4.      Pierce College has also adopted and enforced other policies and practices that severely restrict free speech and expressive activity, including an apparently unpublished requirement that students like Shaw seek and complete a permit application before being granted access to use the tiny Free Speech Area.

5.      Pierce College enforced its policies and practices and the District's policy against Shaw on November 2, 2016, when Defendant Charles Johnson forced Shaw to stop discussing his political views with his fellow students and distributing Spanish-language copies of the United States Constitution outside of the Free Speech Area. Defendant Johnson escorted Shaw into an office where he was forced to complete a permit application to use the Free Speech Area, a copy of which he was not able to retrieve from the administration until weeks later.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 7**   Case No.  **2:17-cv-02386-ODW-PLA**

6.      Pierce's rules on applying for such a permit and using the Free Speech Area—attached to the permit application itself and apparently not accessible elsewhere—grant boundless discretion to campus administrators to determine whether students may exercise their First Amendment rights in the sole area of campus that Pierce College has designated to allow expressive activity.

7.      This is a civil rights action to protect and vindicate Shaw and his fellow students' right to freedom of expression under the First and Fourteenth Amendments of the United States Constitution. The District and Pierce College's policies and enforcement practices unlawfully restrict these rights. The District and Pierce College's policies and enforcement practices are challenged on their face and as applied to Shaw. This action seeks declaratory and injunctive relief, damages, and attorneys' fees.

## II.     JURISDICTION AND VENUE

8.      This action arises under the First and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

9.      This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

10.     This Court has the authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

11.     This Court has the authority to issue injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

12.     This Court has the authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

13.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

**Declaration   pg 8**

to the instant claim occurred within this district and because at least one Defendant resides in this District.

### III.   **PLAINTIFF**

14.    Plaintiff Kevin Shaw is, and was at all times relevant to this Complaint, a resident of Los Angeles County, California, and a student at Pierce College pursuing an associate degree. Shaw is the former president of the Pierce College chapter of Young Americans for Liberty, an unrecognized "pro-liberty" student organization affiliated with the national organization of the same name which has chapters on college campuses nationwide.

### IV.   **DEFENDANTS**

15.    Defendant Kathleen F. Burke is, and was at all times relevant to this Complaint, the President of Pierce College. Defendant Burke is responsible for the implementation of the rules and policies promulgated by the District Board of Trustees and policymaking, administration, and enforcement of the college's policies and procedures, including those that were applied to deprive Shaw of his constitutional rights. Defendant Burke acted under the color of state law and is sued in her individual and official capacities.

16.    Defendant Earic Dixon-Peters is, and was at all times relevant to this Complaint, the Vice President of Student Services at Pierce College. Defendant Dixon-Peters is responsible for policymaking, administration, and enforcement of the college's policies and procedures, including those that were applied to deprive Shaw of his constitutional rights. Defendant Dixon-Peters acted under the color of state law and is sued in his individual and official capacities.

17.    William A. Marmolejo is, and was at all times relevant to this Complaint, Dean of Student Services at Pierce College. Defendant Marmolejo is responsible for policymaking, administration, and enforcement of the college's policies and procedures, including those that were applied to deprive Shaw of his

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

**Declaration   pg 9**

constitutional rights. Defendant Marmolejo acted under the color of state law and is sued in his individual and official capacities.

18.     Defendant Juan C. Astorga is, and was at all times relevant to this Complaint, the Dean of Student Engagement at Pierce College. He is responsible for the administration and enforcement of the policies and practices governing the Free Speech Area, including the policies and practices governing its use that were applied to deprive Shaw of his constitutional rights. Defendant Astorga acted under the color of state law and is sued in his individual and official capacities.

19.     Defendant Francisco C. Rodriguez is, and was at all times relevant to this Complaint, the Chancellor of the District. Defendant Rodriguez has oversight of Defendant Burke and is responsible for implementing the policies, rules, and regulations of the District's Board of Trustees, including those applied to deprive Shaw of his constitutional rights. Defendant Rodriguez acted under the color of state law and is sued in his official capacity.

20.     Defendant Scott J. Svonkin was, at the time relevant to this Complaint, the President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. Defendant Svonkin is currently a member of the Board of Trustees of the District. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College and all other District campuses. Defendant Svonkin acted under the color of state law and is sued in his official capacity.

21.     Defendant Sydney K. Kamlager was, at the time relevant to this Complaint, the First Vice President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. Defendant Kamlager is the current President of the Board of Trustees of the District. The Board of Trustees of

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 10**   Case No.  **2:17-cv-02386-ODW-PLA**

the District is responsible for establishing rules and regulations that govern the operation of Pierce College. Defendant Kamlager acted under the color of state law and is sued in her official capacity.

22.    Defendant Mike Fong was, at the time relevant to this Complaint, the Second Vice President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. Defendant Fong is the current Vice President of the Board of Trustees of the District. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College. Defendant Fong acted under the color of state law and is sued in his official capacity.

23.    Defendant Gabriel Buelna is a member of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College. Defendant Buelna acted under the color of state law and is sued in his official capacity.

24.    Defendant Andra Hoffman is, and was at all times relevant to this Complaint, a member of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College. Defendant Hoffman acted under the color of state law and is sued in her official capacity.

25.    Defendant Ernest H. Moreno is, and was at all times relevant to this Complaint, a member of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Declaration   pg 11   Case No. 2:17-cv-02386-ODW-PLA

1  applied to deprive Shaw of his constitutional rights. The Board of Trustees of the

2  District is responsible for establishing rules and regulations that govern the

3  operation of Pierce College. Defendant Moreno acted under the color of state law

4  and is sued in his official capacity.

5        26.    Defendant Steven F. Veres is a member of the Board of Trustees of the

6  District, which has policymaking authority over the District-wide policies and

7  procedures that were applied to deprive Shaw of his constitutional rights. The

8  Board of Trustees of the District is responsible for establishing rules and

9  regulations that govern the operation of Pierce College. Defendant Veres acted

10  under the color of state law and is sued in his official capacity.

11       27.    Defendant Charles Johnson is an Instructor on Special Assignment at

12  Pierce College who interfered with Shaw's ability to exercise his constitutional

13  right to freedom of expression on November 2, 2016, when he forced Shaw to stop

14  discussing his political views with his fellow students and distributing Spanish-

15  language copies of the Constitution outside of the Free Speech Area, informed him

16  that he would be asked to leave campus if he continued, and escorted him to

17  complete a permit application to use the Free Speech Area. Defendant Johnson

18  acted under the color of state law and is sued in his individual and official

19  capacities.

## V.    STATEMENT OF FACTS

**A.    The District Free Speech Policy.**

22       28.    The District consists of nine community colleges and has a total of

23  enrollment of more than 150,000 students.

24       29.    The District is governed by an elected Board of Trustees and managed

25  by Defendant Rodriguez, the District Chancellor.

26  / / /

27  / / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 12**   Case No. **2:17-cv-02386-ODW-PLA**

30.     The Board of Trustees promulgates and maintains a series of Board Rules that are binding on the community colleges within the District.

31.     Among the Board Rules is, and was at all times relevant to this Complaint, Los Angeles Community College District Board Rule, Chapter IX, Article IX, Freedom of Speech (hereinafter the "District Free Speech Policy"). See Exhibit A.

32.     Upon information and belief, the District adopted the terms of the District Free Speech Policy in their current form on or about April 20, 1989.

33.     Upon information and belief, the Board of Trustees amended the District Free Speech Policy without any substantive changes on or about December 7, 2016.

34.     The District Free Speech Policy consists of numerous rules that govern the freedom of expression of students, staff, faculty members, and people who are not members of the college community on the District colleges' campuses.

35.     District Free Speech Policy Rule 9901 ("Rule 9901") states:

> The colleges of the Los Angeles Community College District are non-public forums, except for those portions of each college designated as Free Speech Areas are hereby designated as limited public forums, which designation may be removed and reverted to non-public forum designation by the Board of Trustees

36.     District Free Speech Policy Rule 9902 ("Rule 9902") states:

> The college president shall designate an area or areas on the college campus as areas for free discussion and expression by all persons. A Free Speech Area may only be located where there is a normal flow of student traffic with unlimited accessibility. Necessary campus rules governing the operation of such areas shall govern only the time, place and manner in which said areas are to be used.

37.     District Free Speech Policy Rule 9902.11 ("Rule 9902.11") restricts the distribution of literature, including "petitions, circulars, leaflets, newspapers, miscellaneous printed matter and other materials," to "the geographical limits of the Free Speech Area" on each campus.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 13**   Case No. **2:17-cv-02386-ODW-PLA**

38.     District Free Speech Policy Rule 9902.13 permits the president of each college to set "reasonable time restrictions on the use of the Free Speech Area, in order to ensure that all persons are given equal access to the use of the Free Speech Area." Rule 9902.13 further states: "The times at which the Free Speech Area may be used shall be subject to reasonable campus regulations."

39.     District Free Speech Policy Rule 9903 permits the college presidents to designate areas outside of the Free Speech Areas "where students, faculty and staff may exercise freedom of expression subject only to reasonable time, place and manner restrictions."

**B.     Pierce College's Free Speech Area Policy and Practices.**

40.     Upon information and belief, Pierce College does not, and at all times relevant to this Complaint did not, publish rules or regulations regarding free speech or expressive activity specific to its campus on its website, on its student portal website, or in a student handbook or other student policy manual. Students, therefore, have no public, generally accessible means to discern any restrictions to which they are subject or under which they could be punished for engaging in speech or expressive activity on Pierce College's campus.

41.     Upon information and belief, Pierce College administrators have nonetheless internally designated one small "Free Speech Area" on campus for speech, expressive activity, and distribution of literature on campus, pursuant to District Free Speech Policy Rules 9901 and 9902.

42.     The Free Speech Area is indicated on Pierce College's online campus map with the words "Free Speech," but the map fails to indicate that speech, expressive activity, and distribution of literature on campus are restricted to this area.  See a true and correct copy of Pierce College's Online Campus Map, attached hereto as Exhibit B.

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 14** Case No.  **2:17-cv-02386-ODW-PLA**

43.     Rules regarding use of the Free Speech Area, and the restriction of speech, expressive activity, and distribution of literature to that Area, are printed on applications for use of the Area and are titled "Rules for Distribution of Material and use of Free Speech Areas Off-Campus Entities" (the "Pierce College Free Speech Area Policy"). See a true and correct copy of Pierce College Application for use at Free Speech Area, attached as Exhibit C.

44.     Shaw became aware of the Pierce College Free Speech Area Policy only when he was prevented by Defendant Johnson from distributing literature and speaking to students outside the Free Speech Area and was required to fill out a permit application with the attached Pierce College Free Speech Area Policy.

45.     The Pierce College Free Speech Area Policy states that "[t]here is one (1) area designated for free speech and gathering of signatures." This designated Free Speech Area "is located on the Mall within the red and black dotted lines."

46.     The Free Speech Area delineated "on the Mall within the red and black dotted lines" is approximately 616 square feet, comprising approximately .003% of the total area of Pierce College's 426 acres, and approximately .007% of the main area of campus featured in Pierce's online campus map (attached as Exhibit B), which excludes the approximately 226-acre farm dedicated to Pierce's agricultural and equestrian programs.

47.     The Pierce College Free Speech Area Policy states that "[t]he distribution of material/obtaining of signatures shall be allowed from 9:00am until 7:30pm, Monday through Friday."

48.     The Pierce College Free Speech Area Policy states:

Individuals planning to distribute material on campus are required to go to the Vice President of Student Services Office located on the third floor of the Student Services Building between the hours of 9:00am and 4:00pm to:

1. Report his/her presence on campus

- 11 -

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 15** Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

2.  Identify the organization and give the names(s) of the distributor(s) and address of the organization

3.  Indicate how many people will be distributing along with the date(s) and time(s) of distribution

49.     The Pierce College Free Speech Area Policy incorporates the language of District Free Speech Policy Rule 9902.11 restricting the distribution of literature, including "petitions, circulars, leaflets, newspapers, miscellaneous printed matter and other materials," to "the geographical limits of the Free Speech Area."

50.     On its face, the Pierce College Free Speech Area Policy does not limit the discretion of the Vice President of Student Services Office, or other administrators responsible for its enforcement, to deny or approve an application because of the content or viewpoint of the speaker's intended message.

51.     The Free Speech Area at Pierce College is not open to spontaneous or anonymous speech because individuals must fill out an application for use of the space and identify themselves and their organizations prior to accessing the Free Speech Area.

52.     By requiring a permit application prior to accessing the Free Speech Area, and by prohibiting expressive activity and distribution of literature outside of the Free Speech Area, the Pierce College Free Speech Area Policy imposes a prior restraint on the freedom of expression of all Pierce College students.

53.     Upon information and belief, Pierce College has no other areas for free expression designated by the college president under District Free Speech Policy Rules 9902 or 9903.

54.     The Pierce College campus has many open areas and sidewalks beyond the Free Speech Area where student speech, expressive activity, and distribution of literature would not interfere with or disturb access to college buildings or sidewalks, impede vehicular or pedestrian traffic, or in any way substantially disrupt the operations of the campus or the college's educational functions.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 16**  Case No. **2:17-cv-02386-ODW-PLA**

55.     The Standards of Student Conduct printed in each Pierce College Schedule of Classes notify students that their conduct must conform to District and college rules and regulations. It further notifies students that violations of such rules and regulations may result in disciplinary action, including violations of Los Angeles County Community College District Board Rule 9803.11, which prohibits "[v]iolation of college rules and regulations including those concerning student organizations, the use of college facilities, or the time, place, and manner of public expression or distribution of materials."

**C.     The Pierce College Defendants Prevented Shaw from Exercising His Rights in Violation of the Constitution of the United States.**

56.     On November 2, 2016, Shaw and two field representatives from Young Americans for Liberty, a national pro-liberty organization, sought to distribute Spanish-language copies of the United States Constitution and discuss issues pertaining to freedom of speech with Pierce College students.

57.     Shaw and the representatives from Young Americans for Liberty set up a small folding table outside of the Free Speech Area on the Pierce College Mall, to the side of the large thoroughfare called "the Mall."

58.     Shaw and the two representatives intended to discuss their political beliefs with students on the Pierce College campus. They were not disrupting campus operations or interfering with foot traffic.

59.     Shortly after arriving on the Mall, they were approached by Defendant Johnson.

60.     Defendant Johnson informed Shaw that he was in violation of Pierce College's Free Speech Area Policy and that he was not permitted to engage in his chosen expressive activity outside the Free Speech Area, and Defendant Johnson insisted that Shaw accompany him into a building so that Shaw could complete a permit application for use of the Free Speech Area.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 17**   Case No.  **2:17-cv-02386-ODW-PLA**

61.     When Shaw asked Defendant Johnson what would happen if he refused to accompany him into the building and continued his expressive activity in his current location, he was told that he would be asked to leave the campus.

62.     Once inside the Associated Student Organization ("ASO") office, Defendant Johnson prompted Shaw to fill out and sign a permit application, which included the rules and restrictions contained in the Pierce College Free Speech Area Policy, as described above (attached as Exhibit B).

63.     Shaw requested a copy of the signed permit application. However, Defendant Johnson refused to provide him with a copy of the permit application that he had filled out and signed.

64.     On November 11, 2016, Shaw emailed Defendant Astorga and informed him that he intended to gather signatures outside of the Free Speech Area for the purpose of encouraging Pierce College to adopt a free speech policy statement produced by the Committee on Freedom of Expression at the University of Chicago.

65.     In his email, Shaw informed Defendant Astorga that he would not block access to Pierce College buildings, use amplified sound, or otherwise disrupt Pierce College's operations.

66.     On or about November 16, 2016, Shaw again attempted to distribute materials outside of the Free Speech Area. After distributing materials for several hours in an open, grassy area of campus outside of the Free Speech Area without encountering Defendant Johnson or any other administrator, Shaw observed a large protest that formed outside of the Free Speech Area to protest the election of then-President-Elect Donald Trump.

67.     Upon information and belief, Pierce College enforces its Free Speech Area policy selectively and unevenly, allowing speakers at various times to engage

/ / /

- 14 -

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 18**   Case No.  **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

in expressive activity and distribute materials outside of the Free Speech Area and enforcing the Free Speech Area policy in other instances.

68.     Throughout November 2016, Shaw made repeated attempts to retrieve a copy of the permit application that he had filled out and signed and the attached Pierce College Free Speech Area Policy from the ASO office.

69.     Several individuals working at the ASO office on the instances Shaw went there to request the documents, including Defendant Johnson, refused to provide Shaw with a copy of the Pierce College Free Speech Area Policy or the permit application that he signed.

70.     On November 22, 2016, Shaw emailed Defendant Marmolejo, Pierce College's Dean of Student Services, and asked him for a copy of the Pierce College Free Speech Area Policy.

71.     In his email Shaw also informed Defendant Marmolejo that he was unable to locate a copy of the Pierce College Free Speech Area Policy on the college's website and that he was unable to find a copy of the policy on campus.

72.     Upon information and belief, the Pierce College Free Speech Area Policy is not made available on Pierce College's website, on its student portal website, or in a student handbook or other student policy manual. Copies are made available only in the ASO office or Vice President of Student Services Office.

73.     Instead of responding to Shaw's email, Defendant Marmolejo forwarded the email to Defendant Astorga.

74.     On November 22, 2016, Defendant Astorga replied to Shaw and informed him:

> The use of the Free Speech area is under my purview. I do not recall meeting you or speaking with you in regards to this matter. Can you please describe the person that you interacted with? All individuals that come onto the campus to use the free speech area are asked to fill out a free speech use form. Once that is done a copy of the policy and a permit is handed to each person that comes into our office. Please come see me next time you would like to distribute any materials and I

- 15 -

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 19**   Case No. **2:17-cv-02386-ODW-PLA**

1   would be more than happy to provide you with the paperwork for you
    [*sic*].

2

3       75.    Shaw responded to Defendant Astorga's email on November 28, 2016,

4   and set up a meeting to discuss the issue on December 1, 2016.

5       76.    On November 30, 2016, Shaw was informed that his meeting with

6   Defendant Astorga was canceled.

7       77.    On December 7, 2016, Shaw stopped by the ASO office in an attempt

8   to obtain a copy of the Pierce College Free Speech Area Policy and the permit

9   application that he signed; however, Defendant Johnson and Geremy Mason, a

10  Senior Secretary in the ASO office, refused to provide Shaw with a copy of the

11  policy.

12      78.    Later that day, Shaw emailed Defendant Astorga to request a copy of

13  the Pierce College Free Speech Area Policy.

14      79.    In this email, Shaw informed Defendant Astorga that he was told by

15  Pierce employees, including Mason and Defendant Johnson, that Defendant

16  Astorga had directed them not to provide Shaw with a copy of the Pierce College

17  Free Speech Area Policy and permit application that he had signed.

18      80.    On December 8, 2016, Shaw again stopped by the ASO office to

19  attempt to meet with Defendant Astorga and pick up a copy of the Pierce College

20  Free Speech Area Policy and permit application that he had signed. At that time,

21  Mason again told Shaw that he was not permitted to give Shaw a copy of the

22  policy.

23      81.    Shaw refused to leave without a copy of the policy and application,

24  prompting Mason to call Defendant Astorga on his cellular telephone.

25      82.    Defendant Astorga told Shaw over the telephone that he had not

26  instructed Mason or Defendant Johnson to refuse to provide Shaw with a copy of

27  the policy and his signed permit application.

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 20**   Case No. **2:17-cv-02386-ODW-PLA**

83.   At that time, Defendant Astorga told Shaw that he had told Mason and Defendant Johnson not to provide Shaw with a copy of the Pierce College Free Speech Area Policy unless Defendant Astorga was there.

84.   Over the telephone, Defendant Astorga directed Mason to provide Shaw with a copy of the Pierce College Free Speech Area Policy and his signed permit application.

85.   Mason provided Shaw with a copy of the Pierce College Free Speech Area Policy and his signed permit application. See Exhibit C.

86.   Upon information and belief, no rules other than the Free Speech Area Policy govern use of Pierce College's Free Speech Area.

87.   Pierce College's policies and practices regarding student speech, expressive activity, and distribution of literature on campus have a chilling effect on Shaw's rights and those of all other Pierce students to engage freely and openly in such expressive activity.

88.   Shaw wishes to engage in expressive activity on campus, including petitioning for signatures and distribution of literature, without seeking prior permission or being limited to a tiny 616-square-foot space comprising less than .003% of campus. Shaw is fearful of punishment for taking his chances in simply exercising his First Amendment rights outside the Free Speech Area and hoping he does not run into an administrator charged with enforcing the Pierce College Free Speech Area Policy, who might charge him with a violation under the Standards of Student Conduct or contact the sheriff's office to remove him from campus.

/ / /
/ / /
/ / /
/ / /
/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -
First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 21**   Case No. **2:17-cv-02386-ODW-PLA**

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of the Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) District Free Speech Policy
### (Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman, Moreno, and Veres)

89.     Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

90.     The First and Fourteenth Amendments extend to the campuses of state colleges and universities. *See Healy*, 408 U.S. at 180. "With respect to persons entitled to be there, our cases leave no doubt that the First Amendment rights of speech and association extend to the campuses of state universities." *Widmar*, 454 U.S. at 268.

91.     The District Board of Trustees cannot legally declare the vast majority of public areas of District community college campuses to be "non-public forums." *Khademi v. S. Orange Cty. Cmty. Coll. Dist.*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002). Moreover, the District Board of Trustees cannot legally declare public areas of campuses designated as Free Speech Areas to be limited public forums, at least with respect to students and other university community members. *Roberts v. Haragan*, 346 F. Supp. 2d 853, 862 (S.D. Tex. 2004).

92.     Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman, Moreno, and Veres have promulgated and enforced a District-wide policy that explicitly designates the vast majority of Pierce College's campus a non-public forum; requires college presidents to identify specific areas for expressive activity, which it designates as limited public forums; and limits expressive activity, including distribution of literature, to those areas.  The result is that protected

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

Declaration   pg 22

1  expression is quarantined to small areas of District campuses, including at Pierce
2  College.

3        93.     To pass constitutional muster, time, place, and manner restrictions
4  must be "justified without reference to the content of the regulated speech" and
5  "narrowly tailored to serve a significant governmental interest," and they must
6  "leave open ample alternative channels for communication of the information."
7  *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984).

8        94.     Restricting all student expressive activity and distribution of literature
9  to designated Free Speech Areas impermissibly restricts student expression, does
10  not serve a significant government interest, does not allow ample alternative
11  channels for communication of students' messages, and is unconstitutionally vague
12  and overbroad.

13        95.     Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman,
14  Moreno, and Veres decision to maintain and enforce the District Free Speech Policy
15  directly resulted in the deprivation of Shaw's and other students' constitutional
16  rights under the First and Fourteenth Amendments to the Constitution.

17        96.     The District Free Speech Area Policy is challenged on its face and as
18  applied to Shaw.

19        97.     The denial of constitutional rights is an irreparable injury *per se*, and
20  Shaw is entitled to declaratory and injunctive relief as well as the reasonable costs
21  of this lawsuit, including his reasonable attorneys' fees.

22  ///
23  ///
24  ///
25  ///

26
27
28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 23**   Case No. **2:17-cv-02386-ODW-PLA**

## SECOND CAUSE OF ACTION

**Facial Challenge to Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983)**
**Pierce College Free Speech Area Policy**
**(Defendants Burke, Dixon-Peters, Marmolejo, and Astorga)**

98.     Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

99.     To pass constitutional muster, a time, place, and manner restriction must be "justified without reference to the content of the regulated speech" and "narrowly tailored to serve a significant governmental interest," and they must "leave open ample alternative channels for communication of the information." *Clark*, 468 U.S. at 293.

100.    Restricting all First Amendment activity to Pierce College's tiny, designated Free Speech Area impermissibly restricts student expression, does not serve a significant government interest, does not allow ample alternative channels for communication of students' messages, and is unconstitutionally vague and overbroad.

101.    Defendant Burke is responsible for the designation of the Free Speech Area under District Free Speech Policy Rule 9902.

102.    The Pierce College Free Speech Area Policy instructs permit applicants to file applications with the Vice President of Student Services Office over which Defendants Dixon-Peters and Marmolejo have administrative authority.

103.    The use of the Free Speech Area is under Defendant Astorga's purview.

104.    As a legal consequence of the Defendants Burke, Dixon-Peters, Marmolejo, and Astorga's violation of Shaw's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which are an irreparable injury *per se*, Shaw is entitled to declaratory and injunctive relief,

Leader & Berkon LLP
Attorneys At Law
Los Angeles

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

**Declaration   pg 24**

damages, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

**Facial Challenge to Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Prior Restraint Pierce College Free Speech Area Policy**
**(Defendants Burke, Dixon-Peters, Marmolejo, and Astorga)**

105.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

106.   By requiring a permit application prior to accessing the Free Speech Area, and by prohibiting expressive activity and distribution of literature outside of the Free Speech Area, the Pierce College Free Speech Area Policy imposes a prior restraint on the freedom of expression of all Pierce College students.

107.   Students have a First Amendment right to engage in expressive activities in the public areas of a state college or university without obtaining advance permission from government officials. *Widmar*, 454 U.S. at 267 n.5; *Papish v. Bd. of Curators of the Univ. of Mo.*, 410 U.S. 667 (1973). Permitting requirements are a prior restraint on speech, and there is a heavy presumption against their constitutionality. *Berger v. City of Seattle*, 569 F.3d 1029, 1037 (9th Cir. 2009); *Jews for Jesus, Inc. v. City Coll. of San Francisco*, 2009 U.S. Dist. LEXIS 1613, at *11–12 (N.D. Cal. Jan. 12, 2009).

108.   The Pierce College Free Speech Area Policy contains a permitting requirement that forces all speakers to obtain advance permission from university officials prior to speaking on campus. It is a prior restraint on speech. Pierce College's policies and practices restricting First Amendment activities to the Free Speech Area ensure that all First Amendment activity on campus is subject to a prior restraint.

/ / /

- 21 -

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 25**   Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

109. By requiring that individuals provide their name, affiliation, and contact information, the Pierce College Free Speech Area Policy prohibits individuals from engaging in anonymous speech.

110. The Pierce College Free Speech Area Policy unconstitutionally prohibits students from engaging in spontaneous expression due to the requirement that they seek permission before speaking.

111. The Pierce College Free Speech Area Policy and its practices with respect to expression on campus fail to provide "narrow, objective, and definite standards," *see Shuttlesworth v. Birmingham*, 394 U.S. 147, 150 (1969), which "provide the guideposts that check the licensor and allow courts quickly and easily to determine whether the licensor is discriminating against disfavored speech," *see Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 758 (1988); *see also Seattle Affiliate of the October 22nd Coal. To Stop Police Brutality, Repression & the Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 799 (9th Cir. 2008).

112. Defendant Burke is responsible for designating and creating the Free Speech Area pursuant to District Free Speech Policy Rule 9902.

113. The Pierce College Free Speech Area Policy instructs permit applicants to file applications with the Vice President of Student Services Office over which Defendants Dixon-Peters and Marmolejo have administrative authority.

114. Defendant Astorga is responsible for enforcing the Pierce College Free Speech Area Policy.

115. As a legal consequence of the Defendants' violation of Shaw's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which are irreparable injuries *per se*, Shaw is entitled to declaratory and injunctive relief, damages, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

**Declaration   pg 26**

# FOURTH CAUSE OF ACTION

**As-Applied Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983)**
**Pierce College Free Speech Area Policy and Practices**
**(Defendants Burke, Dixon-Peters, Marmolejo, Astorga, and Johnson)**

116.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

117.   Defendant Johnson enforced the Pierce College Free Speech Area Policy by preventing Shaw from distributing literature or speaking to fellow students about his political views outside of Pierce's Free Speech Area on November 2, 2016.

118.   By preventing Shaw from distributing copies of the U.S. Constitution outside of the Free Speech Area, or speaking to fellow students about his political views, Defendant Johnson chilled Shaw's right to free expression and deprived Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

119.   Defendant Astorga enforced the Pierce College Free Speech Area Policy by emailing Shaw on November 22, 2016: "All individuals that come onto the campus to use the free speech area are asked to fill out a free speech use form. Once that is done a copy of the policy and a permit is handed to each person that comes into our office.  Please come see me next time you would like to distribute any materials and I would be more than happy to provide you with the paperwork for you [*sic*]."

120.   Defendant Astorga further obstructed Shaw for several weeks from receiving a copy of the permit he had signed on November 2, 2016, or any written copy of the Pierce College Free Speech Area Policy, which is printed on the "free speech use form" to which Astorga's email refers.

/ / /

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 27**  Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

121.   By instructing Shaw to fill out a "free speech use form" in order to distribute literature on campus and by maintaining and enforcing regulations of student expression that are not publicly available or guided by publicly discernable standards, Defendant Astorga chilled Shaw's right to free expression and deprived Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

122.   Defendants Burke, Dixon-Peters, Marmolejo, and Astorga have policymaking, administrative, and enforcement authority over Pierce College's policies and practices governing student speech and expressive activity. By designating only a tiny area of campus for speech and distribution of literature, requiring a permit for its use, and failing to provide generally available notice to students regarding such restrictions or any publicly discernable standards guiding those tasked with enforcing them, Defendants should reasonably have known that their actions and inactions would lead to the deprivation of clearly established student rights to freedom of speech and expression secured by the First and Fourteenth Amendments in the manner experienced by Shaw.

123.   Defendants violated Shaw's clearly established constitutional rights, which any reasonable college official should have known, rendering them liable to Shaw under 42 U.S.C. § 1983.

124.   The denial of constitutional rights is an irreparable injury *per se*.

125.   Shaw is entitled to a declaration that Defendants violated his First Amendment rights. Additionally, Shaw is entitled to damages in an amount to be determined by this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

/ / /

/ / /

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -
First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Declaration   pg 28   Case No. **2:17-cv-02386-ODW-PLA**

# FIFTH CAUSE OF ACTION

**As-Applied Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Prior Restraint Pierce College Free Speech Area Policy and Practices (Defendants Burke, Dixon-Peters, Marmolejo, Astorga, and Johnson)**

126.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

127.   By forcing Shaw to stop engaging in expressive activity and requiring him to complete a permit application in order to access the Free Speech Area, as described above, Defendant Johnson imposed a prior restraint on Shaw's speech and expressive activity in violation of his right to freedom of expression under the First and Fourteenth Amendments.

128.   By instructing Shaw to fill out a "free speech use form" in order to distribute literature on campus and by maintaining and enforcing regulations of student expression that are not publicly available or guided by publicly discernable standards, as described above, Defendant Astorga chilled Shaw's right to free expression and deprived Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

129.   Defendants Burke, Dixon-Peters, Marmolejo, and Astorga have policymaking, administrative, and enforcement authority over Pierce College's policies and practices governing student speech and expressive activity. As described above, by designating only a tiny area of campus for speech and distribution of literature, requiring a permit for its use, and failing to provide generally available notice to students regarding such restrictions or any publicly discernable standards guiding those tasked with enforcing them, Defendants should reasonably have known that their actions and inactions would lead to the deprivation of clearly established student rights to freedom of speech and

- 25 -

First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  2:17-cv-02386-ODW-PLA

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration   pg 29

1   expression secured by the First and Fourteenth Amendments in the manner

2   experienced by Shaw.

3       130.   Defendants violated Shaw's clearly established constitutional rights, of

4   which any reasonable college official should have known, rendering them liable to

5   Shaw under 42 U.S.C. § 1983.

6       131.   The denial of constitutional rights is an irreparable injury *per se*, and

7   Shaw is entitled to declaratory and injunctive relief. Shaw experienced emotional

8   injury as a consequence of being denied his First Amendment rights.

9       132.   Shaw is entitled to a declaration that Defendant Johnson violated his

10   First Amendment rights. Additionally, Shaw is entitled to damages in an amount to

11   be determined by this Court, and the reasonable costs of this lawsuit, including

12   reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION

**Declaratory Relief and Injunction (28 U.S.C. § 2201, *et seq.*)**
**(all Defendants)**

16       133.   Shaw repeats and realleges each of the foregoing paragraphs in this

17   Complaint.

18       134.   An actual controversy has arisen and now exists between Shaw and

19   Defendants concerning his rights under the United States Constitution. A judicial

20   declaration is necessary and appropriate at this time as to Counts I through V above.

21       135.   Shaw desires a judicial determination of his rights against Defendants

22   as they pertain to his right speak, assemble, and distribute literature in the outdoor

23   areas of Pierce College without being subjected to an unconstitutional prior restraint

24   or unreasonable "time, place, and manner" regulations, which are not narrowly

25   tailored to serve a substantial government interest, and which do not leave open

26   alternative channels of communication.

27   ///

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -
First Amended Complaint For Injunctive and Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 30**   Case No. **2:17-cv-02386-ODW-PLA**

136.   To prevent further violation of Shaw's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment issue, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring Pierce College's and the District's policies and practices unconstitutional.

137.   Further, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction prohibiting Defendants from enforcing their restrictions on Shaw's expressive activities to the extent they are unconstitutional, so as to prevent an ongoing violation of Shaw's constitutional rights. Shaw is suffering from irreparable harm from continued enforcement of the District's and Pierce College's unconstitutional policies and practices. Monetary damages are inadequate to remedy the harm suffered as a result of the deprivation of rights under the First and Fourteenth Amendments, and the balance of equities and public interest both favor a grant of injunctive relief.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin Shaw respectfully requests that the Court enter judgment against Defendants and provide Shaw the following relief:

A.   A declaratory judgment stating that the District Free Speech Policy and Pierce College Free Speech Area Policy are unconstitutional facially and as applied and that they violate Shaw's rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

B.   A permanent injunction restraining enforcement of Defendants' unconstitutional policies and enforcement practices;

C.   A declaratory judgment that Defendants' censorship of Shaw's expressive activity without prior approval and outside of the Free Speech Area violated his First and Fourteenth Amendment rights;

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 31**   Case No.  **2:17-cv-02386-ODW-PLA**

D.     Monetary damages in an amount to be determined by the Court to
       compensate for the Defendants' application of unlawful speech codes
       to interfere with Shaw's expressive activity without prior approval and
       outside of the "Free Speech Area";

E.     Shaw's reasonable costs and expenses of this action, including
       attorneys' fees, in accordance with 42 U.S.C. § 1988 and other
       applicable law; and

F.     All other further relief to which Shaw may be entitled.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*

**Declaration   pg 32**   Case No. **2:17-cv-02386-ODW-PLA**

# VIII. **JURY TRIAL**

138.   Shaw demands a trial by jury on all claims triable by jury in this cause of action.

Dated: April  9, 2018                    LEADER & BERKON LLP

                                By: */s/ **Arthur I. Willner***
                                    Arthur I. Willner (State Bar No. 118480)
                                    Attorneys for Plaintiff Kevin Shaw
                                    Email: awillner@leaderberkon.com
                                    LEADER & BERKON LLP
                                    660 S. Figueroa Street, Suite 1150
                                    Los Angeles, CA 90017
                                    Tel: (213) 234–1750; Fax (213) 234–1747

                                    Marieke Tuthill Beck-Coon
                                    Email: marieke@thefire.org
                                    Brynne Sasha Madway
                                    Email: brynne.madway@thefire.org
                                    THE FOUNDATION FOR INDIVIDUAL
                                    RIGHTS IN EDUCATION
                                    510 Walnut Street, Suite 1250
                                    Philadelphia, PA 19106
                                    Tel: (215) 717–3473; Fax (215) 717–3440
                                    Attorneys for Plaintiff Kevin Shaw

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive and  Declaratory Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
**Declaration   pg 33**   Case No.  **2:17-cv-02386-ODW-PLA**

**Arthur Willner**

| | |
|---|---|
| **From:** | Sharon J. Ormond <SOrmond@aalrr.com> |
| **Sent:** | Wednesday, March 07, 2018 3:40 PM |
| **To:** | Arthur Willner |
| **Cc:** | Marieke Tuthill Beck-Coon; Brynne Madway |
| **Subject:** | RE: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099] |

Hi Arthur,

Yes, we can stipulate to your filing an amendment to the complaint (just not whether you have named the right name).

Sharon

**Sharon J. Ormond** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
20 Pacifica, Suite 1100, Irvine, California 92618
Main (949) 453-4260 • Direct (562) 653-3536 • Direct Fax (562) 653-3653
sormond@aalrr.com | vcard | website | subscribe

**From:** Arthur Willner [mailto:awillner@leaderberkon.com]
**Sent:** Wednesday, March 07, 2018 3:31 PM
**To:** Sharon J. Ormond
**Cc:** Marieke Tuthill Beck-Coon; Brynne Madway; Arthur Willner
**Subject:** Shaw v. Burke, et al.

Hi Sharon:

This will confirm the voicemail message I left for you a short while ago. After you stated that you do not have authority to accept service for Mr. Johnson, I neglected to ask whether you would at least stipulate to the amendment to the complaint to name him as a defendant. This would avoid us having to file a Rule 15 motion that would obviously be granted.

Please advise.

Thanks.

Arthur



**Arthur I. Willner, Esq.**
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

**EXHIBIT 2**               **Declaration   pg 34**



Brynne Madway <brynne.madway@thefire.org>

## Shaw

**Arthur Willner** <awillner@leaderberkon.com>                       Mon, Jul 31, 2017 at 5:45 PM
To: "Sharon J. Ormond" <SOrmond@aalrr.com>, "Warren S. Kinsler" <WKinsler@aalrr.com>
Cc: Marieke Tuthill Beck-Coon <marieke@thefire.org>, Brynne Madway <brynne.madway@thefire.org>, David Salazar <dsalazar@leaderberkon.com>, Arthur Willner <awillner@leaderberkon.com>

Sharon and Warren:

Attached please find our proposed Stip and Order regarding the DOE defendant.  Please confirm whether this works for you.  We need to get this filed by Wednesday.

Thanks.

Arthur



**Arthur I. Willner, Esq.**
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

---

**2 attachments**

 **Stip. Re Identity of John Doe.docx**
130K
 **Proposed Order Re Identity of John Doe.docx**
128K

**EXHIBIT 3**          **Declaration   pg 35**



Brynne Madway <brynne.madway@thefire.org>

---

## Shaw

**Arthur Willner** <awillner@leaderberkon.com>                                    Tue, Aug 1, 2017 at 7:34 PM
To: "Sharon J. Ormond" <SOrmond@aalrr.com>, "Warren S. Kinsler" <WKinsler@aalrr.com>
Cc: Marieke Tuthill Beck-Coon <marieke@thefire.org>, Brynne Madway <brynne.madway@thefire.org>, David Salazar
<dsalazar@leaderberkon.com>, Arthur Willner <awillner@leaderberkon.com>

Sharon and Warren:

Per my telephone conversation with Sharon earlier this afternoon in which she advised that Earic Dixon-Peters is not the Doe
Defendant and that you are not yet authorized to actually disclose this individual's identity, attached are the revised Stip and
Order, now designed to extend the deadline to identify and serve fictitious defendants by sixty days. The purpose is to permit us
additional time to ascertain this individual's identity on our own, or to allow time for your client to authorize his disclosure.

Please confirm whether you agree with the revisions, and that we can file with your electronic signature tomorrow. (For some
reason, I was able to provide a redlined Stipulation; however, I was unable to prepare the Order as a redlined document.)

Thanks.

Arthur



**Arthur I. Willner, Esq.**
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

---

**2 attachments**

 **Shaw - Stip. Re Identity of John Doe (Rev).docx**
44K

 **Shaw - Proposed Order Re Identity of John Doe.docx**
40K

EXHIBIT 4                    Declaration    pg 36



Brynne Madway <brynne.madway@thefire.org>

---

## RE: Shaw [AALRR-Cerritos.005205.00099]

**Marieke Tuthill Beck-Coon** <marieke@thefire.org>             Wed, Aug 23, 2017 at 1:02 PM
To: Arthur Willner <awillner@leaderberkon.com>
Cc: "Sharon J. Ormond" <SOrmond@aalrr.com>, Brynne Madway <brynne.madway@thefire.org>, David Salazar <dsalazar@leaderberkon.com>, "Warren S. Kinsler" <WKinsler@aalrr.com>

Sharon and Warren,

In our ongoing efforts to identify the Doe Defendant within the extended deadline, I include 2 video clips below that led us to believe the Doe is Earic Dixon-Peters. The first is from the November 2016 exchange between Mr. Shaw and the Doe Defendant regarding his expressive activity outside the free speech area. The video is password-protected; the password is below. The second is a Facebook video posted by the student newspaper in which Earic Dixon-Peters is speaking at a June 6 campus ceremony. The voices of the people in the videos are very similar.

November 2, 2016 incident video: https://vimeo.com/230627781
Password: freespeech

Facebook video of Earic Dixon-Peters at Student Awards Brunch on June 6: http://bit.ly/2imKkcw

I realize your clients were quite sure that the Doe Defendant is not Mr. Dixon-Peters. Might they be mistaken, or would they be willing at this point to share who they believe it is?

███████████████████████████████████████████████████████

Best,
Marieke
--
Marieke Tuthill Beck-Coon
Director of Litigation
Foundation for Individual Rights in Education (FIRE)
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
tel: 215-717-3473
fax: 215-717-3440
thefire.org

*This communication may contain information that is confidential or privileged. Unless you are the addressee (or authorized to receive this message by the addressee), you may not use, copy, or disclose the contents of this message or information contained in this message to anyone. If you believe that you have received this message in error, please advise the sender and delete this message.*

[Quoted text hidden]



FIRE

**Brynne Madway <brynne.madway@thefire.org>**

## Fwd: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099]



**From:** "Warren S. Kinsler" <WKinsler@aalrr.com>
**Date:** August 28, 2017 at 5:45:33 PM PDT
**To:** Arthur Willner <awillner@leaderberkon.com>
**Cc:** "Sharon J. Ormond" <SOrmond@aalrr.com>, "Jeannie K. Curtiss" <JCurtiss@aalrr.com>
**Subject: RE: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099]**

Hi Art,

The person in the Vimeo video is probably not Earic Peters, and from the second video it was hard to make out who was on the video, but given the circumstances and location, I suspect you were probably seeing Earic Peters.

As to the date, I'll need to check with the General Counsel, but if you want to request another date let us know. I will be available any Monday starting with October 30, 2017, except for November 13, and December 11, but I'd rather not put this off into December.

Feel free to contact me to discuss.

**Warren S. Kinsler** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300, Cerritos, California 90703
Main (562) 653-3200 • Fax (562) 653-3333
wkinsler@aalrr.com | vcard | bio | website | subscribe | blog

**From:** Arthur Willner [mailto:awillner@leaderberkon.com]
**Sent:** Monday, August 28, 2017 4:47 PM
**To:** Warren S. Kinsler

**EXHIBIT 6**

**Declaration pg 38**

**Cc:** Sharon J. Ormond; Marieke Tuthill Beck-Coon (marieke@thecfe.org); Brynne Madway; David Salazar; Arthur Willner
**Subject:** Shaw v. Burke, et al.

Warren:

Please see the attached letter regarding a couple of outstanding issues. I look forward to hearing from you.

Thanks.

Arthur

 Description:
cid:image001.jpg@01CB8C07.0FB41170

**Arthur I. Willner, Esq.**
660 S. Figueroa Street Suite 1150 Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

**image001.jpg**
4K

**Declaration   pg 39**

**Arthur Willner**

| | |
|---|---|
| **From:** | Sharon J. Ormond <SOrmond@aalrr.com> |
| **Sent:** | Friday, January 05, 2018 5:03 PM |
| **To:** | Arthur Willner |
| **Cc:** | Marieke Tuthill Beck-Coon; Warren S. Kinsler; Brooke Romero; Jeannie K. Curtiss |
| **Subject:** | RE: Shaw v. Burke: Your Call re DOE Designation [AALRR-Cerritos.005205.00099] |

Arthur,

Thanks for your patience.  We can agree to another stipulation to move the due date for identifying and serving the DOE defendant; however, given the ambiguities that come with specifying a number of days and whether that runs from the date of the stip, the order, or some other date, I am authorized to agree to March 15 as the new due date.  I am in the office all day Monday (1/8/18) and can discuss and/or review a stipulation as needed.

Wishing you a restful weekend.

Sharon

**Sharon J. Ormond** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
20 Pacifica, Suite 1100, Irvine, California  92618
Main (949) 453-4260 • Direct (562) 653-3536 • Direct Fax (562) 653-3653
sormond@aalrr.com | vcard | website | subscribe

**From:** Arthur Willner [mailto:awillner@leaderberkon.com]
**Sent:** Thursday, January 04, 2018 5:41 PM
**To:** Sharon J. Ormond
**Cc:** Marieke Tuthill Beck-Coon; Warren S. Kinsler; Brooke Romero; Jeannie K. Curtiss
**Subject:** Re: Shaw v. Burke: Your Call re DOE Designation [AALRR-Cerritos.005205.00099]

Thanks, Sharon.


Sent from my iPhone

Arthur I. Willner
Leader & Berkon LLP
660 S. Figueroa, Ste. 1150
Los Angeles, California 90017
Tel. (213) 234-1750
Fax (213) 234-1747
awillner@leaderberkon.com

On Jan 4, 2018, at 5:52 PM, Sharon J. Ormond <SOrmond@aalrr.com> wrote:

Oh no; I am so sorry.  I hope all turns out well.  I will definitely make sure the information you have shared is part of the conversation.

**Sharon**

**EXHIBIT 7**             **Declaration   pg 40**

Sharon J. Ormond | Partner
Atkinson, Andelson, Loya, Ruud & Romo
20 Pacifica, Suite 1100, Irvine, California  92618
Main (949) 453-4260 • Direct (562) 653-3536 • Direct Fax (562) 653-3513
sormond@aalrr.com | vcard | website | subscribe

**From:** Arthur Willner [mailto:awillner@leaderberkon.com]
**Sent:** Thursday, January 04, 2018 2:49 PM
**To:** Sharon J. Ormond
**Cc:** Marieke Tuthill Beck-Coon; Warren S. Kinsler; Brooke Romero; Jeannie K. Curtiss
**Subject:** Re: Shaw v. Burke: Your Call re DOE Designation [AALRR-Cerritos.005205.00099]

Hi Sharon,

Just to clarify, it was my job to contact you for the further extension.  Unfortunately, beginning on December 14 I became caught up in an out of town family medical emergency that has had me on the road and has taken up most of my last three weeks.  As a result, I overlooked the deadline.  In fact, I just arrived in Cincinnati to deal with it further.  You might want to pass that along to the people with whom you need to consult.

Thanks.

Arthur

Sent from my iPhone

Arthur I. Willner
Leader & Berkon LLP
660 S. Figueroa, Ste. 1150
Los Angeles, California 90017
Tel. (213) 234-1750
Fax (213) 234-1747
awillner@leaderberkon.com

On Jan 4, 2018, at 4:46 PM, Sharon J. Ormond <SOrmond@aalrr.com> wrote:

> Hi Marieke,
>
> I received your telephone message, but need to connect with certain people before I can respond to your request.  I will get back to you and Arthur as quickly as I can.
>
> Thanks for bearing with me.
>
> **Sharon**
>
> Sharon J. Ormond | Partner
> Atkinson, Andelson, Loya, Ruud & Romo
> 20 Pacifica, Suite 1100, Irvine, California  92618
> Main (949) 453-4260 • Direct (562) 653-3536 • Direct Fax (562) 653-3513
> sormond@aalrr.com | vcard | website | subscribe
> <image001.png>

This electronic message transmission contains information from the Firm of Atkinson, Andelson, Loya, Ruud & Romo which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us by telephone (562-653-3200) or by electronic mail immediately.  Thank you.

**Declaration   pg 41**

1 ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
2 Warren S. Kinsler        State Bar No. 103265
WKinsler@aalrr.com
3 Sharon J. Ormond        State Bar Number 195812
SOrmond@aalrr.com
4 S. Brooke Romero        State Bar No. 312448
BRomero@aalrr.com
5 12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
6 Telephone:  (562) 653-3200
Fax:  (562) 653-3333
7
8 Attorneys for Defendants KATHLEEN F. BURKE,
EARIC DIXON-PETERS, WILLIAM A. MARMOLEJO,
9 JUAN C. ASTORGA, FRANCISCO C. RODRIGUEZ,
SCOTT J. SVONKIN, SYDNEY K. KAMLAGER,
10 MIKE FONG, MIKE ENG, ANDRA HOFFMAN,
ERNEST H. MORENO, AND NANCY PEARLMAN

11

12                UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 KEVIN A. SHAW,                          | Case No.      2:17-cv-02386-ODW-PLA

15            Plaintiff,                    | Hon. Honorable Otis D. Wright, II

16 v.

17 KATHLEEN F. BURKE, in her               | **INITIAL DISCLOSURE OF**
individual and official capacities;      | **DEFENDANTS, EXCEPT JOHN**
18 EARIC DIXON-PETERS, in his             | **DOE**
individual and official capacities;
19 WILLIAM A. MARMOLEJO, in his
individual and official capacities;
20 JUAN C. ASTORGA, in his individual
and official capacities; FRANCISCO C.
21 RODRIGUEZ, in his official capacity;
SCOTT J. SVONKIN, in his official
22 capacity; SYDNEY K. KAMLAGER,
in her official capacity; MIKE FONG,
23 in his official capacity; MIKE ENG, in
his official capacity; ANDRA
24 HOFFMAN, in her official capacity;
ERNEST H. MORENO, in
25 his official capacity; NANCY
PEARLMAN, in her official capacity;
26 and JOHN DOE, in his individual and
official capacities,

27

28            Defendant.

**EXHIBIT 8   Declaration   pg 42**

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

005205.00099
19001789.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Defendants, except the Defendant sued as John Doe, provide the following initial disclosure in compliance with Federal Rules of Civil Procedure ("FRCP"), Rule 26(a)(1). Defendants make these disclosures without prejudice to their right to update, supplement, or amend these disclosures at a later time inasmuch as discovery and investigation are ongoing.

## I. <u>LIST OF WITNESSES</u>

Pursuant to FRCP 26(a)(1)(A)(i), Defendants, except Defendant Doe, hereby identify the following individuals likely to have discoverable information who are presently known and are contemplated to be used to support its defenses to the allegations in the Complaint.

1.   Kathleen F. Burke, President, Pierce College. It is anticipated that Dr. Burke will testify regarding the implementation of the District Board Rules related to free speech at Pierce College, including the policies and procedures for use of the Free Speech Area and alternative avenues for student use of the campus for free speech activities. It is further anticipated that Dr. Burke will testify regarding a protest that took place on the Pierce College campus in or around November 2016.

2.   Earic Dixon-Peters, Vice President of Student Services, Pierce College. It is anticipated that Dr. Dixon-Peters will testify regarding the implementation of the District Board Rules related to free speech at Pierce College, inasmuch as that implementation relates to students, including the policies and procedures for use of the Free Speech Area and alternative avenues for student use of the campus for free speech activities.

3.   William Marmolejo, Dean of Student Services, Pierce College. It is anticipated that Mr. Marmolejo will testify regarding the implementation of the District Board Rules related to free speech at Pierce College, inasmuch as that implementation relates to students. It

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

is also anticipated that Mr. Marmolejo will testify regarding Plaintiff's request to receive a copy of the form he completed related to his use of the Pierce College Free Speech Area.

4.    Juan Carlos Astorga, Dean of Student Engagement, Pierce College. It is anticipated that Mr. Astorga will testify regarding the implementation of the District Board Rules related to free speech at Pierce College, inasmuch as that implementation relates to students. It is also anticipated that Mr. Astorga will testify regarding his interactions with Plaintiff Kevin Shaw in or around November 2016 through January 2017, regarding Shaw's free speech activities on the Pierce College campus.

5.    Francisco C. Rodriguez, Chancellor, Los Angeles Community College District. It is anticipated that Dr. Rodriguez will testify regarding the District Board Rules related to free speech, including the implementation of Board Rules at District campuses.

6.    Charles Johnson, Instructor on Special Assignment, Pierce College. It is anticipated that Mr. Johnson will testify regarding the policies and procedures for use of the Free Speech Area at Pierce College. It is also anticipated that Mr. Johnson will testify regarding interactions he had with Plaintiff Kevin Shaw in or around November 2016, including those wherein he informed Plaintiff about the Free Speech Area after observing Plaintiff distributing materials in the campus Mall, as well as subsequent conversations regarding obtaining a copy of Plaintiff's completed "Use of Free Speech Area" form.

7.    Geremy Mason, Senior Secretary, Associated Students Organization Office, Pierce College. It is anticipated that Mr. Mason will testify regarding the policies and procedures for use of the Free Speech Area at Pierce College. It is also anticipated that Mr. Mason will testify

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE (562) 653-3200
FAX: (562) 653-3333

**Declaration  pg 44**

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

005205.00099
19001789.1

regarding interaction(s) he had with Plaintiff Kevin Shaw in or around November 2016 regarding obtaining a copy of Plaintiff's completed "Use of Free Speech Area" form. It is further anticipated that Mr. Mason will testify to being aware of a protest that took place on the Pierce College campus in or around November 2016.

The foregoing individuals may be contacted through Defendants' counsels of record, Warren S. Kinsler, Sharon J. Ormond, and Brooke Romero with Atkinson, Andelson, Loya, Ruud & Romo, 12800 Center Court Drive South, Suite 300, Cerritos, California 90703, (562) 653-3200.

The identification of a name as part of this initial disclosure is not, and should not be interpreted as, a statement by Defendants that the named individuals will appear as a witness at trial or any other proceeding. The inclusion of a name is not, and should not be interpreted as, a waiver of any attorney-client, deliberative process, or other privilege that may apply. Further, the absence of a name from the list provided by Defendants is not, and should not be interpreted as, a statement by Defendants that an individual does not have relevant knowledge and will not appear as a witness at trial.

Defendants anticipate that there may be other witnesses and third parties whose identities and/or scope of knowledge are not currently known to Defendants and who may have information relevant to Plaintiff's claims. As discovery and Defendants' investigation progress, Defendants reserve the right to supplement this disclosure as required by the FRCP.

Defendants reserve the right to call any and all witnesses listed by any other party to this litigation, including Plaintiff. Defendants also reserve the right to supplement their witness disclosure at a later date based upon further information regarding Plaintiff's claims. Defendants further reserve the right to call any rebuttal witnesses as a result of any exhibits or witnesses listed or presented by any other party to this litigation.

**Declaration  pg 45**

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19001789.1

## II. <u>LIST OF DOCUMENTS</u>

Pursuant to FRCP(a)(1)(a)(ii), Defendant hereby identifies the following documents and tangible things which are contemplated to be used in defense of the material allegations set forth in the Complaint. These items are disclosed by description only pursuant to Rule 26(a)(1)(A)(ii).

1. District Board Rules related to free speech (Chapter IX, Article IX), located on the District's website at:

    https://www.laccd.edu/Board/Pages/Board-Rules.aspx;

2. District Board Rules related to student organizations (Chapter IX, Article I) and events and activities of students and student groups (Chapter IX, Article X), located on the District's website at:

    https://www.laccd.edu/Board/Pages/Board-Rules.aspx; and

3. Emails between Plaintiff and Pierce College employees related to the allegations set forth in the Complaint, located in the email accounts for G. Mason, J. Astorga, W. Marmolejo, E. Peters, and Plaintiff Kevin Shaw.

Defendants have not yet completed their investigation and discovery in this action and it is anticipated there will be additional documents that Defendants may use to support their defenses in this case. As discovery and Defendants' investigation progress, Defendants reserve the right to supplement this disclosure as required by the FRCP. Defendants further reserve the right to subpoena any documents/records that may be necessary for purposes of rebuttal or impeachment, and to list additional exhibits as they become known. Defendants further reserve the right the right to use exhibits listed by any other party to this litigation.

## III.   <u>COMPUTATION OF DAMAGES</u>

Defendants are not seeking damages in this matter, with the exception of any available attorneys' fees and costs.

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**Declaration   pg 46**

005205.00099
19001789.1

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

1

## IV.  <u>INSURANCE AGREEMENTS</u>

2

Not applicable.

3

4          ATKINSON, ANDELSON, LOYA, RUUD &
          ROMO
5

6

7   Dated: February 26, 2018          By:   /s/ *Sharon J. Ormond*
8                                            Warren S. Kinsler
                                            Sharon J. Ormond
9                                            S. Brooke Romero
                                            Attorneys for Defendants
10                                           KATHLEEN F. BURKE,
                                            EARIC DIXON-PETERS,
11                                           WILLIAM A. MARMOLEJO,
                                            JUAN C. ASTORGA,
12                                           FRANCISCO C. RODRIGUEZ,
                                            SCOTT J. SVONKIN,
13                                           SYDNEY K. KAMLAGER,
                                            MIKE FONG,
14                                           MIKE ENG,
                                            ANDRA HOFFMAN,
15                                           ERNEST H. MORENO,
                                            AND NANCY PEARLMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

**Declaration   pg 47**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19001789.1

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

## CERTIFICATE OF SERVICE

Case Name: *Kevin Shaw v. Kathleen F. Burke, et al.*

Case No.:    2:17-cv-02386-ODW-PLA

I am over the age of eighteen years and not a party to the within action. I am employed by Atkinson, Andelson, Loya, Ruud & Romo, whose business address is: 12800 Center Court Drive South, Suite 300, Cerritos, CA 90703- 9364.

On February 26, 2018, I served the within document(s) described as **INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE** on the interested parties in this action (the party(ies) listed below are currently on the list to receive e-mail notices for this case):

| | |
|---|---|
| Arthur I. Willner<br>    e-mail: awillner@leaderberkon.com<br>David Salazar<br>    e-mail: dsalazar@leaderberkon.com<br>LEADER & BERKON LLP<br>660 S. Figueroa Street, Suite 1150<br>Los Angeles, CA 90017<br>Tel: (213) 234-1750<br>Fax: (213) 234-1747 | **Attorneys for Plaintiff Kevin A. Shaw**<br><br>**(*Via Email and First Class Mail*)** |
| Marieke Tuthill Beck-Coon<br>(*admitted pro hac vice*)<br>    Email: marieke@thefire.org<br>Brynne Sasha Madway<br>(*admitted pro hac vice*)<br>    Email: brynne.madway@thefire.org<br>THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION<br>510 Walnut Street, Suite 1250<br>Philadelphia, PA 19106<br>Tel: (215) 717-3473<br>Fax: (215) 717-3440 | **Attorneys for Plaintiff Kevin A. Shaw**<br><br>**(*Via Email and First Class Mail*)** |

☑    **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

☒    **BY MAIL:** I placed a true and correct copy of the document(s) in a sealed envelope for collection and mailing following the firm's ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

```
Declaration   pg 48
```

ATKINSON, ANDELSON, LOYA, RUUD & ROMO<br>A PROFESSIONAL CORPORATION<br>ATTORNEYS AT LAW<br>12800 CENTER COURT DRIVE SOUTH, SUITE 300<br>CERRITOS, CALIFORNIA 90703-9364<br>TELEPHONE: (562) 653-3200<br>FAX: (562) 653-3333

005205.00099
19001789.1

DEFENDANTS' INITIAL DISCLOSURE

1        I declare under penalty of perjury under the laws of the United States that the
2    foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

3        Executed on February 26, 2018, at Cerritos, California.

4

5                        /s/ *Jeannie K. Curtiss*
                      Jeannie K. Curtiss

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19001789.1

**Declaration   pg 49**

- 2 -

INITIAL DISCLOSURE OF DEFENDANTS, EXCEPT JOHN DOE

## Arthur Willner

**From:** Arthur Willner
**Sent:** Thursday, March 22, 2018 3:13 PM
**To:** Sharon J. Ormond
**Cc:** 'Marieke Tuthill Beck-Coon'; Brynne Madway; Arthur Willner; Sandra Alvarenga
**Subject:** Shaw v. Burke, et al.
**Attachments:** Shaw Amend Comp_001.pdf; Shaw -Stip - Prop Order_001.pdf

Hi Sharon:

Further to our recent communications, attached are the First Amended Complaint along with a Stipulation and Proposed Order.  Please note that when we were in the process of adding Charles Johnson as a named defendant, we realized that a couple of board members who were on the board when the original Complaint was filed have since been replaced.  Therefore, we have substituted the names of those new individuals, and we changed some titles to match what was contained in your initial disclosures.  Since this is all housekeeping stuff, I assume that you are still agreeable to signing the Stipulation.  If so, please advise as to whether we can proceed with your electronic signature.

Thanks.

Arthur



**Arthur I. Willner, Esq.**
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 - 1747

**Declaration   pg 50**

**EXHIBIT 9**

**Arthur Willner**

| | |
|---|---|
| **From:** | Sharon J. Ormond <SOrmond@aalrr.com> |
| **Sent:** | Tuesday, March 27, 2018 8:42 AM |
| **To:** | Arthur Willner |
| **Cc:** | Marieke Tuthill Beck-Coon; Brynne Madway; Sandra Alvarenga; Warren S. Kinsler; Brooke Romero |
| **Subject:** | RE: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099] |

Arthur,

Thank you for your patience.  Because the March 15 deadline to which the parties had stipulated for naming the Doe defendant has passed, our client will not stipulate the proposed filing.

On a different topic, we have not forgotten about the Joint Report.  A draft is well under way, so we should have it to you for your input by the end of the week.

**Sharon**

**Sharon J. Ormond** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
20 Pacifica, Suite 1100, Irvine, California  92618
Main (949) 453-4260 • Direct (562) 653-3536 • Direct Fax (562) 653-3653
sormond@aalrr.com | vcard | website | subscribe

**From:** Arthur Willner [mailto:awillner@leaderberkon.com]
**Sent:** Thursday, March 22, 2018 3:10 PM
**To:** Sharon J. Ormond
**Cc:** Marieke Tuthill Beck-Coon; Brynne Madway; Arthur Willner; Sandra Alvarenga
**Subject:** Shaw v. Burke, et al.

Hi Sharon:

Further to our recent communications, attached are the First Amended Complaint along with a Stipulation and Proposed Order.  Please note that when we were in the process of adding Charles Johnson as a named defendant, we realized that a couple of board members who were on the board when the original Complaint was filed have since been replaced.  Therefore, we have substituted the names of those new individuals, and we changed some titles to match what was contained in your initial disclosures.  Since this is all housekeeping stuff, I assume that you are still agreeable to signing the Stipulation.  If so, please advise as to whether we can proceed with your electronic signature.

Thanks.

Arthur



**Arthur I. Willner, Esq.**
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

**EXHIBIT 10**                    **Declaration   pg 51**



Brynne Madway <brynne.madway@thefire.org>

## RE: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099]

Arthur Willner <awillner@leaderberkon.com>                                      Tue, Mar 27, 2018 at 12:05 PM
To: "Sharon J. Ormond" <SOrmond@aalrr.com>
Cc: Marieke Tuthill Beck-Coon <marieke@thefire.org>, Brynne Madway <brynne.madway@thefire.org>, Sandra Alvarenga <salvarenga@leaderberkon.com>, "Warren S. Kinsler" <WKinsler@aalrr.com>, Brooke Romero <BRomero@aalrr.com>

Sharon,

I am both stunned and disappointed by your email. When we communicated on March 7, and you agreed to stipulate to the filing of the amended complaint, you made that commitment without any suggestion that it had to be done by March 15 or that you needed to clear any conditions concerning the filing or its timing with your client.

Had that been the case, we would certainly have submitted the stipulation to you by the 15th. The whole point of reaching such an agreement is for counsel to bypass the deadlines that would otherwise impact the subject. In my view, this is the definition of "sandbagged." You have put us in a position of having to spend the time and money to file a motion to amend that should be needless, and that will almost certainly be granted.

If you actually intend to force us to file this motion, please advise as to your availability this week for our meet and confer regarding a motion to amend.

Arthur



Arthur I. Willner, Esq.
660 S. Figueroa Street
Suite 1150
Los Angeles, CA 90017
P (213) 234 - 1750
F (213) 234 – 1747

From: Sharon J. Ormond [mailto:SOrmond@aalrr.com]
Sent: Tuesday, March 27, 2018 8:42 AM
To: Arthur Willner
Cc: Marieke Tuthill Beck-Coon; Brynne Madway; Sandra Alvarenga; Warren S. Kinsler; Brooke Romero
Subject: RE: Shaw v. Burke, et al. [AALRR-Cerritos.005205.00099]
[Quoted text hidden]

EXHIBIT 11                    Declaration    pg 52