ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Warren S. Kinsler          State Bar No. 103265
    WKinsler@aalrr.com
Sharon J. Ormond          State Bar Number 195812
    SOrmond@aalrr.com
S. Brooke Romero          State Bar No. 312448
    BRomero@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendants KATHLEEN F. BURKE, EARIC DIXON-PETERS, WILLIAM A. MARMOLEJO, JUAN C. ASTORGA, FRANCISCO C. RODRIGUEZ, SCOTT J. SVONKIN, SYDNEY K. KAMLAGER, MIKE FONG, MIKE ENG, ANDRA HOFFMAN, ERNEST H. MORENO, AND NANCY PEARLMAN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. SHAW, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN F. BURKE, in her individual and official capacities; EARIC DIXON-PETERS, in his individual and official capacities; WILLIAM A. MARMOLEJO, in his individual and official capacities; JUAN C. ASTORGA, in his individual and official capacities; FRANCISCO C. RODRIGUEZ, in his official capacity; SCOTT J. SVONKIN, in his official capacity; SYDNEY K. KAMLAGER, in her official capacity; MIKE FONG, in his official capacity; MIKE ENG, in his official capacity; ANDRA HOFFMAN, in her official capacity; ERNEST H. MORENO, in his official capacity; NANCY PEARLMAN, in her official capacity; and JOHN DOE, in his individual and official capacities, <br><br> Defendant. | Case No.   2:17-cv-02386-ODW-PLA <br><br> Hon. Honorable Otis D. Wright, II <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> Hearing Date: May 7, 2018 <br> Time: 1:30 p.m. <br> Dept.: Courtroom 5D <br><br> Motion Filed: April 9, 2018 <br> Pre-Trial Conf.: November 19, 2018 <br> Trial Date: December 10, 2018 |

Defendants, except Defendant John Doe, hereby oppose Plaintiff's Motion for Leave to File an Amended Complaint as follows.

Dated: April 16, 2018

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ S. Brooke Romero*
Warren S. Kinsler
Sharon J. Ormond
S. Brooke Romero
Attorneys for Defendants KATHLEEN F. BURKE, EARIC DIXON-PETERS, WILLIAM A. MARMOLEJO, JUAN C. ASTORGA, FRANCISCO C. RODRIGUEZ, SCOTT J. SVONKIN, SYDNEY K. KAMLAGER, MIKE FONG, MIKE ENG, ANDRA HOFFMAN, ERNEST H. MORENO, AND NANCY PEARLMAN

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 6

II. FACTUAL BACKGROUND ......................................................................... 7

III. ARGUMENT ................................................................................................ 10

    A. The Court Has Discretion To Deny Plaintiff's Request For Leave To Amend His Complaint. ................................................................... 10

    B. Plaintiff Has Unduly Delayed Identification And Service Of The Doe Defendant Because His Own Emails Indicate That He Was Aware Of The Identity Of The Doe Defendant Prior To Filing The Lawsuit. ................................................................................................ 10

        1. Defendants Had No Obligation, Outside Of Discovery Requirements, To Identify The Doe Defendant For Plaintiff So As To Excuse Plaintiff's Delay. ............................. 12

    C. Plaintiff Has Demonstrated Bad Faith In Requesting To Amend His Complaint In Disregard Of Orders Of This Court. ....................... 14

    D. Regardless, Plaintiff's Proposed Amendments Would be Futile Because Johnson Would Be Entitled to Qualified Immunity. ............. 15

IV. CONCLUSION ............................................................................................. 17

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

*Desertrain v. City of Los Angeles*
754 F.3d 1147 (9th Cir. 2014) .................................................................... 10

*Eminence Capital, LLC v. Aspeon, Inc.*
316 F.3d 1048 (9th Cir. 2003) .................................................................... 10

*Hartley v. Wilfert*
931 F.Supp.2d 230 (D.D.C. 2013) ............................................................. 13

*Jackson v. Bank of Hawaii*
902 F.2d 1385 (9th Cir. 1990) .................................................................... 10

*Johnson v. Buckley*
356 F.3d 1067 (9th Cir. 2004) .................................................................... 10

*Johnson v. Buckley*
*supra*, 356 F.3d at1077 ............................................................................... 15

*Kaplan v. Rose*
49 F.3d 1363 (9th Cir. 1994) ...................................................................... 12

*Leadsinger, Inc. v. BMG Music Publishing*
512 F.3d 522 (9th Cir. 2008) ...................................................................... 15

*Miller v. Rykoff-Sexton, Inc.*
845 F.2d 209 (9th Cir. 1988) ...................................................................... 15

*Newland v. Dalton*
81 F.3d 904 (9th Cir. 1995) ........................................................................ 15

*Rhoden v. United States*
55 F.3d 428 (9th Cir. 1995) ........................................................................ 10

*Saul v. United States*
928 F.2d 829 (9th Cir. 1991) ...................................................................... 15

*Swanson v. U.S. Forest Service*
87 F.3d 339 (9th Cir. 1996) ........................................................................ 10

*Texaco, Inc. v. Ponsoldt*
939 F.2d 794 (9th Cir. 1991) ...................................................................... 12

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.*
245 F.3d 1048 (9th Cir. 2001) .................................................................... 15

*United States v. Webb*
655 F.2d 977 (9th Cir. 1981) ...................................................................... 13

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19837542.1

- 4 -
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

**OTHER AUTHORITIES**

First Amendment ........................................................................................... 7

Eleventh Amendment ............................................................................... 14,16

Federal Rule of Civil Procedure 4(m) ........................................................... 7

Federal Rule of Civil Procedure 15(a)(2) ................................................. 9,10

Federal Rule of Civil Procedure 25(d) ........................................................ 17

Federal Rule of Civil Procedure 26(a) ...................................................... 9,13

Federal Rule of Civil Procedure 26(f) .......................................................... 8

Honorable Otis D. Wright, II's "Rules Governing Civil Actions," ............. 7

Rule 12(b)(6) ............................................................................................... 15

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19837542.1

- 5 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Plaintiff has framed his Motion for Leave to Amend the Complaint in a way that seeks to divert attention from his failure to comply with Court-ordered deadlines, by suggesting that Defendants neglected to identify the Doe Defendant *for* him. As set forth below, Defendants had no such duty, and Plaintiff does not dispute that Defendants have complied with their discovery obligations to date, which Plaintiff has relied upon as the source of information for naming his fictitiously named defendant. Further, Plaintiff was aware of Doe's identity prior to the filing of the initial Complaint.

As explained below, Plaintiff's Motion should be denied on the following grounds: (1) he has unduly delayed amending the Complaint to identify the Doe Defendant, (a) despite having demonstrated that he had sufficient knowledge of the individual he attributed the allegations against John Doe to more than three months prior to filing his lawsuit, and, (b) by failing to comply with the March 15 deadline for unknown reasons after receiving Defendants' Initial Disclosures identifying Mr. Johnson as a witness on February 26, 2018; (2) Plaintiff has demonstrated bad faith (a) by failing to comply both with the Court's January 25, 2018, Order extending the time to identify the Doe Defendant to March 15, 2018, and (b) by failing to amend the Complaint so as to account for the Court's Order on the Motion to Dismiss; and (3) Plaintiff's proposed amendment to substitute Mr. Johnson for the fictitious defendant is futile because (a) Mr. Johnson will be entitled to immunity from monetary damages and is not necessary to this action for Plaintiff to obtain injunctive relief, and (b) his substitution of the Board members is legally irrelevant and therefore futile because they have been automatically substituted by operation of law. Accordingly, for the foregoing reasons, Defendant requests that this Court deny the instant Motion.

///

## II. FACTUAL BACKGROUND

On March 28, 2017, Plaintiff filed his Complaint with this Court, alleging violations of his First Amendment right to free speech as a student at Pierce College, part of the Los Angeles Community College District ("District"). Plaintiff named thirteen (13) defendants, consisting of: four Pierce College administrators, the Chancellor of the District, all seven of the then-members of the District's Board of Trustees, and one "John Doe." *See* Complaint ("Cp.") ¶ 15-27. At that time, Plaintiff alleged that the Doe Defendant was an employee of Pierce College who interfered with his right of free speech on November 2, 2016. Cp. ¶ 27; *see also* 116-132.

Pursuant to the Honorable Otis D. Wright, II's "Rules Governing Civil Actions," "[a]ny 'DOE' or fictitiously named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed under Federal Rule of Civil Procedure 4(m)." Accordingly, Plaintiff's original deadline to identify the Doe Defendant was **August 2, 2017**.

On August 1, 2017, one day prior to the deadline, Plaintiff first inquired of counsel for the Defendants whether Earic Dixon-Peters, who is already a named Pierce College Defendant, was the Doe Defendant. Counsel for Defendants indicated that this identification was not correct. *See* Aug. 1, 2017, email, attached as Exh. 4 to the Willner Declaration ("Decl."). As such, Defendants agreed to Plaintiff's proposed stipulation extending the time to identify and serve the Doe Defendant by sixty (60) days, to **October 2, 2017**. *See* Stipulation [ECF No. 31]. This Court granted the extension on August 3, 2017. *See* Order on Stipulation [ECF No. 32].

On August 23, 2017, attorneys for the Plaintiff sent Defendants' counsel a video of an interaction between Plaintiff and the Doe Defendant, along with another video for comparison which purportedly showed Defendant Dixon-Peters; Plaintiff's counsel indicated their belief that both videos depicted the Doe Defendant. *See*

Aug. 23, 2017, email, attached as Exh. 5 to the Willner Decl. Defendants reviewed the videos and confirmed that while the second video appeared to show Defendant Dixon-Peters, the alleged video of Plaintiff's interaction with the Doe Defendant did not contain Defendant Dixon-Peters. *See* Aug. 28, 2017, email, attached as Exh. 6 to the Willner Decl.

On October 2, 2017, in light of Plaintiff's inability to identify the Doe Defendant by the first extended deadline, counsel for Defendants agreed to a second stipulation extending the time for Plaintiff to identify and serve the Doe Defendant by an additional ninety (90) days, to **January 3, 2018**. *See* Stipulation [ECF No. 34]. This court granted the stipulation on October 3, 2017. *See* Order on Stipulation [ECF No. 36].

On January 4, 2018, Plaintiff's counsel again requested that Defendants agree to another stipulation further extending Plaintiff's time to identify and serve the Doe Defendant. *See* January 5, 2018 email, attached as Exh. 7 to the Willner Decl. Despite the untimely request, Defendants' agreed to a third stipulation, extending the time to identify and serve the Doe Defendant to **March 15, 2018**. *Id.*; *see also* Stipulation [ECF No. 46]. The court granted the stipulation on January 25, 2018. *See* Order on Stipulation [ECF No. 47].

On February 12, 2018, counsel for the Defendants and Plaintiff participated in a telephonic conference pursuant to Federal Rule of Civil Procedure 26(f), wherein they again discussed identification of the Doe Defendant. During this meeting of counsel, Arthur Willner indicated, on behalf of Plaintiff, the hope that Defendants would be disclosing the identity of the Doe Defendant in their Initial Disclosures. *See* Ormond Decl. ¶¶ 3-4. Plaintiff's counsel subsequently confirmed awareness of the looming March 15 deadline, but did not ask for any extension at that time. *Id.* ¶¶ 5-6. In fact, Plaintiff's counsel was acutely aware of the March 15 deadline, based on Mr. Willner having commented that Plaintiff may need to serve an interrogatory on an expedited basis if the identity of the Doe Defendant was not

- 8 -

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

disclosed. *Ibid*.

On February 26, 2018, after conducting an investigation in accordance with their obligations under Federal Rule of Civil Procedure 26(a), Defendants served their Initial Disclosures on Plaintiff's counsel. *See* Defendants' Initial Disclosures, attached as Ex. 8 to the Willner Decl. Therein, Defendants identified Charles Johnson as a Pierce College employee and witness whom they expect to testify regarding his interactions with Shaw on or around November 2, 2018, on the Pierce College campus. *Id*.

On March 7, 2018, Mr. Willner contacted Defendants' counsel, Sharon Ormond, via email to inquire whether Defendants would stipulate to allow Plaintiff to file an amended complaint to name Mr. Johnson as the Doe Defendant. *See* March 7, 2018, email chain, attached as Exh. 2 to the Willner Decl. Ms. Ormond confirmed that Defendants would stipulate to the filing of an amended complaint, but that they would not confirm if the Doe Defendant was correctly identified. *Id*. **At no point did Defendants waive, or agree to waive, the previously stipulated and court-ordered deadline of March 15, 2018, to identify the Doe Defendant**.

On March 22, 2018, Mr. Willner emailed a proposed stipulation and Plaintiff's First Amended Complaint to Ms. Ormond, with no explanation whatsoever as to the delay or passage of the March 15 deadline. *See* March 22, 2018 email, attached as Exh. 9 to the Willner Decl. In light of the court-ordered deadline of March 15 having passed, Ms. Ormond replied that Defendants could not agree to the stipulation as proposed. *See* Mar. 27, 2018, email, attached as Exh. 10 to the Willner Decl.

Without providing any justification for Plaintiff's apparent belief that the March 15 deadline had somehow been vacated, or explanation as to why Plaintiff was otherwise unable to provide a proposed stipulation by that date despite having received Defendants' Initial Disclosures more than two weeks prior, Plaintiff now seeks leave to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2).

- 9 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

Plaintiff seeks to substitute Mr. Johnson for the Doe Defendant, as well as to substitute several current District Board of Trustees members with their predecessors in office. For the foregoing reasons, Defendants oppose the Plaintiff's motion.

### III.   ARGUMENT

#### A.   The Court Has Discretion To Deny Plaintiff's Request For Leave To Amend His Complaint.

While Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires," the right to amend is not automatic and it is left to the district court's discretion. See *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995). Factors a court should consider in ruling on a request for leave to amend include: (1) prejudice to the opposing party, (2) bad faith, (3) undue delay, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014), citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). All factors need not be present, however, and a "strong showing" on any one of the factors may defeat a motion for leave to amend. See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

As set forth in detail below, Plaintiff's Motion should be denied on the grounds of undue delay, bad faith, and futility.

#### B.   Plaintiff Has Unduly Delayed Identification And Service Of The Doe Defendant Because His Own Emails Indicate That He Was Aware Of The Identity Of The Doe Defendant Prior To Filing The Lawsuit.

In evaluating undue delay, courts inquire into "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Here, Plaintiff's own emails indicate that he was aware of the identity of the

- 10 -

Doe Defendant more than three months before filing the instant action.

Specifically, on November 28, 2017, Plaintiff sent an email to Defendant Juan Carlos Astorga, wherein he described an individual with whom he had spoken in the Associated Student Organization ("ASO") office at Pierce College as "a tall, bald, dark skinned, rather well dressed fellow." *See* Exh. 1 to the Astorga Decl.  Given the context of the email, which was part of the very exchange with Defendant Astorga that Plaintiff cites in his Complaint, it is Defendants' belief that this was a description of the Doe Defendant.  *See* Cp. ¶¶ 68-69, 73-75.  In fact, Plaintiff specifically refers to his November 28, 2016, email to Defendant Astorga in paragraph 75 of the Complaint, though he failed to attach it thereto.

Moreover, Plaintiff, by his later emails, was evidently aware by December 9, 2016, that he had spoken with an individual named "Charles."  In the Complaint, Plaintiff specifically alleges that "[o]n December 7, 2016, [he] stopped by the ASO office in an attempt to obtain a copy of the Pierce College Free Speech Area Policy and the permit application that he signed; however, Defendant John Doe … refused to provide [him] with a copy of the policy."  Cp. ¶ 77.  Plaintiff subsequently alleges that "[l]ater that day, [he] emailed Defendant Astorga to request a copy of the Pierce College Free Speech Area Policy."  Cp. ¶ 78.  Although he does not attach the relevant communication to his Complaint, Plaintiff stated in his December 7, 2016, email as follows: "I went by the ASO today to pick up a copy of the paperwork I was made to sign. However, around 4pm, I spoke with Geremy [Mason] and the same gentleman I spoke to initially (I believe he said his name was Richard)."  Exh. 2 to the Astorga Decl.

Subsequently, on December 9, 2016, Plaintiff emailed Defendant Astorga and indicated that "Charles (whom [he] earlier misidentified as Richard)," was the individual whom he had previously spoken to, and was described in his November 28, 2016, and December 7, 2016, emails.  *See* Exh. 3 to the Astorga Decl. Given the allegations in the Complaint, it is Defendants' belief that Plaintiff was

- 11 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

referring to "Charles" as the Doe Defendant.

Thus, despite having provided a physical description and first name of the individual to whom he attributed the same conduct alleged to have been committed by the Doe Defendant in November and December 2016, and his being a student at Pierce College pursuing his associate degree (Cp. ¶ 14), Plaintiff was somehow unable to identify this individual approximately three months later when he filed his Complaint. As such, the relevant date for considering undue delay is not simply the Plaintiff having missed the March 15 deadline by requesting that Defendants enter into a stipulation more than a week following, but rather the **nearly one year delay** from the time Plaintiff filed the Complaint (March 28, 2017), to the date Plaintiff finally sought to amend the Complaint (March 22, 2018).

Plaintiff's delay is inexcusable, particularly in light of having requested and received Defendants' agreement and the Court's permission to extend the original 120-day deadline to identify the fictitious defendant on three separate occasions, as outlined above and in his own Motion. The Ninth Circuit has held that an eight-month delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991); see also *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) [leave to amend denied where moving party knew or should have known when drafting original pleading the facts on which the amendment is based, but did not include them in the original pleading]. Here, Plaintiff delayed nearly twelve months, as he was demonstrably aware of the Doe Defendant's identity, save his last name which could have been attained through reasonable inquiry on campus, at the time of filing the Complaint.

### 1. **Defendants Had No Obligation, Outside Of Discovery Requirements, To Identify The Doe Defendant For Plaintiff So As To Excuse Plaintiff's Delay.**

Plaintiff now seeks to deflect his failure to comply with the court-ordered deadline, by suggesting the Defendants had some independent obligation outside of

- 12 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

the discovery process to disclose the identity of the Doe Defendant. Defendants had no such legal obligation, and Plaintiff provides no authority for such a contention. Another district court has rejected the same argument Plaintiff appears to make in an attempt to implicate the Defendants for his own omission. See *Hartley v. Wilfert*, 931 F.Supp.2d 230, 233 (D.D.C. 2013) [declining to order defense counsel to disclose the identity of a "Jane Doe" defendant outside of discovery, despite defense counsel having full knowledge of the Doe's identity due to having filed a motion to dismiss on her behalf and redacting her name from certain records].

Plaintiff claims that he took "early steps" to identify the Doe Defendant, including sending a video to counsel for Defendants of the Plaintiff's alleged interaction with the Doe Defendant. Mtn. at p. 18. Had Plaintiff actually done his due diligence, however, instead of inexplicably relying upon Defendants, he would have found that he had already identified an individual whose purported actions aligned with the allegations against John Doe. Instead, Plaintiff attempts to divert the Court from his own failure by claiming that Defendants "forc[ed] Plaintiff to await discovery for information sufficient [to identify the Doe Defendant]." *Id.*

Plaintiff does not contest that Defendants complied with their duties pursuant to Federal Rule of Civil Procedure 26(a). He only attempts to argue, without support, that Defendants were required to provide him with the identity of the Doe Defendant at some point prior to service of the initial disclosures, and that their failure to do so excuses him from any procedural timelines, which, particularly in federal court, are of great import. In any event, Plaintiff provides no justification for his failure to identify and serve the Doe Defendant by March 15, 2018, after receiving Defendants' Initial Disclosures more than two weeks prior, on February 26, 2018.

Defendants acknowledge the Ninth Circuit has held that undue delay, alone, is generally not sufficient to deny leave to amend, and that it must be coupled with some evidence of bad faith or prejudice. *United States v. Webb*, 655 F.2d 977, 980

- 13 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT

(9th Cir. 1981). As set forth below, Plaintiff has not only unduly delayed his motion for leave to amend, but has demonstrated bad faith as well.

### C. Plaintiff Has Demonstrated Bad Faith In Requesting To Amend His Complaint In Disregard Of Orders Of This Court.

In seeking to amend his Complaint at this juncture, Plaintiff has without explanation disregarded this Court's most recent Order extending the deadline to identify the Doe Defendant to March 15, 2018. *See* Order on Stipulation [ECF No. 47]. Furthermore, Plaintiff has also disregarded this Court's Order on Defendants' Motion to Dismiss, in which the Court granted the Motion insofar as Defendants are immune from monetary damages in both their official and individual capacities, pursuant to the Eleventh Amendment and Qualified Immunity Doctrine.[1] *See* Order on Motion to Dismiss [ECF No. 45].

Plaintiff again attempts to divert attention from his failure to comply with an order of this Court by implying that Defendants' somehow misled him because "[counsel] had never said that Defendants would agree to the stipulation only if Plaintiff filed his amended complaint by March 15." Mtn. at p. 14. As with identification of the Doe Defendant, however, Defendants were not required to inform Plaintiff of his own obligations to the Court. Plaintiff provides no explanation for why he could not heed the Court-ordered deadline, even in light of the admittedly non-substantive and minimal changes made to the original Complaint, or why he was under the mistaken belief that the March 15, 2018, deadline was no longer enforceable. Rather than taking responsibility for having missed his deadline, Plaintiff tries to implicate Defendants in his neglect.

---

[1] The Pierce College administrators (Defendants Burke, Dixon-Peters, Marmolejo, and Astorga) were sued in both their individual and official capacities, as was the Doe Defendant. The District Chancellor and Board members (Rodriguez, Svonkin, Kamlager, Fong, Eng, Hoffman, Moreno, and Pearlman) were sued solely in their official capacities.

- 14 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff also entirely disregards this Court's Order on the Motion to Dismiss by failing remove the claims for monetary damages against Defendants in his proposed First Amended Complaint at paragraphs 104, 115, 125, and 132 and the Prayer at section D. *See* Exh. 1 to the Willner Decl. Plaintiff appears to have done the least amount of work possible to amend his Complaint, by simply replacing the names of individuals which he sought to substitute. While this further begs the question as to why Plaintiff could not have performed this simple search-and-replace by March 15, it also demonstrates a pattern of bad faith in failing to heed the Court's orders in this case. Coupled with the Plaintiff's undue delay in bringing his motion, this justifies denial of Plaintiff's Motion under the factors set forth above.

## D. **Regardless, Plaintiff's Proposed Amendments Would be Futile Because Johnson Would Be Entitled to Qualified Immunity.**

It is well established that district courts need not accommodate futile amendments. *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1995); see also *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). While undue delay is generally insufficient in the absence of other factors, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, *supra*, 356 F.3d at1077; see also *U.S. ex rel. Lee v. SmithKline Beecham, Inc*., 245 F.3d 1048, 1502 (9th Cir. 2001) ["These factors, however, are not given equal weight …'Futility of amendment can, by itself, justify the denial of a motion for leave to amend'"] (citations omitted). An amendment is futile if it would be subject to a motion to dismiss. See e.g., *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ["A district court does not err in denying leave to amend where the amendment would be futile … or would be subject to dismissal"]; see also *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) [the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)"].

Here, Plaintiff's amendment to substitute Mr. Johnson for the fictitiously named defendant would be futile because, to the extent this Court found the Pierce College Defendants to be entitled to both Eleventh Amendment and Qualified Immunity, Mr. Johnson would likewise be immune from monetary damages in both his individual and official capacities. Moreover, Plaintiff has already sued the administrators and Board members from whom injunctive relief would be obtained, as such individuals would be responsible in their roles for providing any direction to District and Pierce College employees. Mr. Johnson is a non-administrative employee who does not exercise policymaking authority on behalf of the District or Pierce College, and, in any event, is no longer assigned to the ASO office and does not have job duties related to the use of the campus grounds for free speech. *See* Astorga Decl. ¶ 6. In short, the addition of Mr. Johnson, who is not an administrator or Board member, nor has any policymaking authority, does nothing to further Plaintiff's potential relief in this suit.

In arguing that the substitution of Mr. Johnson would not be futile, Plaintiff states that he "seeks to assert the same claims against Mr. Johnson that he asserts against the other Pierce College administrator defendants, based on the same set of alleged facts, including prayers for declaratory and injunctive relief, damages, and attorney's fees and costs." Mtn. at p. 20. Plaintiff subsequently acknowledges the Court's prior Order on the Motion to Dismiss, but asserts that "the issue of qualified immunity from individual damages has yet to be decided against Defendant John Doe." *Id.* While Plaintiff may be correct procedurally, he invites additional motion practice on an issue that will be fruitless—the definition of futility. If the Pierce College administrators are entitled to immunity, then surely a non-administrative employee under their supervision, who Plaintiff has not and cannot allege has any policymaking authority, would likewise be entitled to the same immunity afforded to his superiors.

///

19837542.1

- 16 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

As for the substituted Board members (who are sued only in their official capacities), they would also be immune from monetary damages, in accordance with the Order of this Court with respect to their predecessors. Further, because Federal Rule of Civil Procedure 25(d) provides for automatic substitution of the new Board members, a motion to amend the Complaint is legally unnecessary with respect to those individuals, and therefore undeniably futile.

## IV. CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Plaintiff's Motion for Leave to File an Amended Complaint be denied.

Dated: April 16, 2018

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ S. Brooke Romero*
Warren S. Kinsler
Sharon J. Ormond
S. Brooke Romero
Attorneys for Defendants KATHLEEN F. BURKE, EARIC DIXON-PETERS, WILLIAM A. MARMOLEJO, JUAN C. ASTORGA, FRANCISCO C. RODRIGUEZ, SCOTT J. SVONKIN, SYDNEY K. KAMLAGER, MIKE FONG, MIKE ENG, ANDRA HOFFMAN, ERNEST H. MORENO, AND NANCY PEARLMAN

# CERTIFICATE OF SERVICE

Case Name: *Kevin Shaw v. Kathleen F. Burke, et al.*
Case No.:    2:17-cv-02386-ODW-PLA

On April 16, 2018 I filed the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** electronically through the CM/ECF system.  All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Arthur I. Willner<br>    Email: awillner@leaderberkon.com<br>LEADER & BERKON LLP<br>660 S. Figueroa Street, Suite 1150<br>Los Angeles, CA 90017<br>Tel:  (213) 234-1750<br>Fax: (213) 234-1747 | **Attorneys for Plaintiff**<br>**Kevin A. Shaw** |
| Marieke Tuthill Beck-Coon<br>(*admitted pro hac vice*)<br>    Email: marieke@thefire.org<br>Brynne Sasha Madway<br>(*admitted pro hac vice*)<br>    Email: brynne.madway@thefire.org<br>THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION<br>510 Walnut Street, Suite 1250<br>Philadelphia, PA 19106<br>Tel:  (215) 717-3473<br>Fax: (215) 717-3440 | **Attorneys for Plaintiff**<br>**Kevin A. Shaw** |
| Jefferson B. Sessions III<br>John M. Gore<br>Tara Helfman<br>Steven Menashi<br>Thomas E. Chandler<br>Vikram Swaruup<br>    Email: vikram.swaruup@usdoj.gov<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Rights Division<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Telephone: (202) 616-5633<br>Facsimile: (202) 514-8490 | **Interested Party** |

/ / /

/ / /

/ / /

☑ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

Executed on April 16, 2018, at Cerritos, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ *Maria T. Wilson*
Maria T. Wilson

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

005205.00099
19803457.1