Arthur I. Willner, State Bar No. 118480
Email: awillner@leaderberkon.com
LEADER & BERKON LLP
660 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Tel: (213) 234-1750; Fax (213) 234-1747

Marieke Tuthill Beck-Coon (admitted *pro hac vice*)
Email: marieke@thefire.org
Brynne Sasha Madway (admitted *pro hac vice*)
Email: brynne.madway@thefire.org
THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473; Fax (215) 717-3440

Attorneys for Plaintiff Kevin A. Shaw

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN A. SHAW,**<br><br>Plaintiff,<br><br>vs.<br><br>**KATHLEEN F. BURKE**, *in her individual and official capacities;*<br>**EARIC DIXON-PETERS**, *in his individual and official capacities;*<br>**WILLIAM A. MARMOLEJO**, *in his individual and official capacities*;<br>**JUAN C. ASTORGA**, *in his individual and official capacities;*<br>**FRANCISCO C. RODRIGUEZ**, *in his official capacity*;<br>**SCOTT J. SVONKIN,** *in his official capacity;* | Case No. **2:17-cv-02386-ODW-PLA**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR TRIAL BY JURY** |

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

1  **SYDNEY K. KAMLAGER**, *in her*
   *official capacity*;                              )
2  **MIKE FONG**, *in his official capacity*;        )
                                                       )
3  **GABRIEL BUELNA**, *in his official*             )
   *capacity*;                                        )
4  **ANDRA HOFFMAN**, *in her official*              )
   *capacity*; **ERNEST H. MORENO**, *in*            )
5  *his official capacity*;                          )
                                                       )
6  **STEVEN F. VERES**, *in his official*            )
   *capacity*; and **CHARLES JOHNSON**,              )
7  *in his individual and official capacities*,      )
                                                       )
8                                                     )
                                                       )
9  _____Defendants.              )

10        Plaintiff Kevin Shaw complains of Defendants and alleges as follows:

11                    I.        **INTRODUCTION**

12        1.        The Supreme Court has made clear held that "state colleges and

13  universities are not enclaves immune from the sweep of the First Amendment,"

14  *Healy v. James*, 408 U.S. 169, 180 (1972), and that "[w]ith respect to persons

15  entitled to be there, our cases leave no doubt that the First Amendment rights of

16  speech and association extend to the campuses of state universities," *Widmar v.*

17  *Vincent*, 454 U.S. 263, 268 (1981). In defiance of this binding precedent, the Los

18  Angeles Community College District (the "District"), and Los Angeles Pierce

19  College ("Pierce College"), by and through their administrative officials, maintain a

20  complex regime of policies and practices that quarantine students who, like Shaw,

21  wish to exercise their First Amendment rights, to tiny spaces on District campuses.

22  Making matters yet worse, the District and Pierce College force students like Shaw

23  to seek permission from campus administrators before engaging in even the most

24  time-honored forms of speech and expressive activity at the core of First

25  Amendment protections.

26  / / /

27

28

- 2 -

2.      The District designates the majority of each of its nine community college campuses as non-public forums. The president of each college is required to create "Free Speech Area(s)," which the District designates as limited public forums. See a true and correct copy of Los Angeles Community College District Board Rule, Chapter IX, Article IX, Freedom of Speech, attached hereto as Exhibit A.

3.      In accordance with this directive, Pierce College, a community college within the District, has implemented its own policies and practices governing free speech and expressive activity, establishing a tiny "Free Speech Area" for speech and expressive activity to take place on its campus. Pierce College's Free Speech Area consists of a small area, confined by painted lines, on the side of a campus thoroughfare. The area measures approximately 616 square feet, comprising approximately .003% of the total area of Pierce College's 426-acre campus. In contravention of its long-established constitutional obligations as a public institution, Pierce College has unreasonably restricted the freedom of expression on its campus to these tiny confines.

4.      Pierce College has also adopted and enforced other policies and practices that severely restrict free speech and expressive activity, including an apparently unpublished requirement that students like Shaw seek and complete a permit application before being granted access to use the tiny Free Speech Area.

5.      Pierce College enforced its policies and practices and the District's policy against Shaw on November 2, 2016, when Defendant Charles Johnson forced Shaw to stop discussing his political views with his fellow students and distributing Spanish-language copies of the United States Constitution outside of the Free Speech Area. Defendant Johnson escorted Shaw into an office where he was forced to complete a permit application to use the Free Speech Area, a copy of which he was not able to retrieve from the administration until weeks later.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

6.      Pierce's rules on applying for such a permit and using the Free Speech Area—attached to the permit application itself and apparently not accessible elsewhere—grant boundless discretion to campus administrators to determine whether students may exercise their First Amendment rights in the sole area of campus that Pierce College has designated to allow expressive activity.

7.      This is a civil rights action to protect and vindicate Shaw and his fellow students' right to freedom of expression under the First and Fourteenth Amendments of the United States Constitution. The District and Pierce College's policies and enforcement practices unlawfully restrict these rights. The District and Pierce College's policies and enforcement practices are challenged on their face and as applied to Shaw. This action seeks declaratory and injunctive relief, damages against Defendants Burke, Dixon-Peters, Marmolejo, and Astorga,[1] and attorneys' fees.

/ / /

/ / /

---

[1] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

Claims for monetary damages against Defendant Charles Johnson in his individual capacity are not pled in Plaintiff's First Amended Complaint per the Court's Order of May 1, 2018, [ECF No. 58], granting in part and denying in part Plaintiff's motion for leave to amend his Complaint.

- 4 -

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

## II.   JURISDICTION AND VENUE

8.      This action arises under the First and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

9.      This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

10.     This Court has the authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

11.     This Court has the authority to issue injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

12.     This Court has the authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

13.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this district and because at least one Defendant resides in this District.

## III.   PLAINTIFF

14.     Plaintiff Kevin Shaw is, and was at all times relevant to this Complaint, a resident of Los Angeles County, California, and a student at Pierce College pursuing an associate degree. Shaw is the former president of the Pierce College chapter of Young Americans for Liberty, an unrecognized "pro-liberty" student organization affiliated with the national organization of the same name which has chapters on college campuses nationwide.

## IV.   DEFENDANTS

15.     Defendant Kathleen F. Burke is, and was at all times relevant to this Complaint, the President of Pierce College. Defendant Burke is responsible for the

- 5 -

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

1  implementation of the rules and policies promulgated by the District Board of

2  Trustees and policymaking, administration, and enforcement of the college's

3  policies and procedures, including those that were applied to deprive Shaw of his

4  constitutional rights. Defendant Burke acted under the color of state law and is sued

5  in her individual and official capacities.

6      16.    Defendant Earic Dixon-Peters is, and was at all times relevant to this

7  Complaint, the Vice President of Student Services at Pierce College. Defendant

8  Dixon-Peters is responsible for policymaking, administration, and enforcement of

9  the college's policies and procedures, including those that were applied to deprive

10  Shaw of his constitutional rights. Defendant Dixon-Peters acted under the color of

11  state law and is sued in his individual and official capacities.

12      17.    William A. Marmolejo is, and was at all times relevant to this

13  Complaint, Dean of Student Services at Pierce College. Defendant Marmolejo is

14  responsible for policymaking, administration, and enforcement of the college's

15  policies and procedures, including those that were applied to deprive Shaw of his

16  constitutional rights. Defendant Marmolejo acted under the color of state law and is

17  sued in his individual and official capacities.

18      18.    Defendant Juan C. Astorga is, and was at all times relevant to this

19  Complaint, the Dean of Student Engagement at Pierce College. He is responsible

20  for the administration and enforcement of the policies and practices governing the

21  Free Speech Area, including the policies and practices governing its use that were

22  applied to deprive Shaw of his constitutional rights. Defendant Astorga acted under

23  the color of state law and is sued in his individual and official capacities.

24      19.    Defendant Francisco C. Rodriguez is, and was at all times relevant to

25  this Complaint, the Chancellor of the District. Defendant Rodriguez has oversight

26  of Defendant Burke and is responsible for implementing the policies, rules, and

27  regulations of the District's Board of Trustees, including those applied to deprive

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

Shaw of his constitutional rights. Defendant Rodriguez acted under the color of state law and is sued in his official capacity.

20.     Defendant Scott J. Svonkin was, at the time relevant to this Complaint, the President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. Defendant Svonkin is currently a member of the Board of Trustees of the District. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College and all other District campuses. Defendant Svonkin acted under the color of state law and is sued in his official capacity.

21.     Defendant Sydney K. Kamlager[2] was, at the time relevant to this Complaint, the First Vice President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the operation of Pierce College. Defendant Kamlager acted under the color of state law and is sued in her official capacity.

22.     Defendant Mike Fong was, at the time relevant to this Complaint, the Second Vice President of the Board of Trustees of the District, which has policymaking authority over the District-wide policies and procedures that were applied to deprive Shaw of his constitutional rights. Defendant Fong is the current President of the Board of Trustees of the District. The Board of Trustees of the District is responsible for establishing rules and regulations that govern the

---

[2] Defendant Kamlager is no longer a member of the Board of Trustees of the District, and her former seat (Seat No. 3) is currently vacant. When a replacement board member is elected, that person will be substituted for Defendant Kamlager under Federal Rule of Civil Procedure 25(d).

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

1   operation of Pierce College. Defendant Fong acted under the color of state law and
2   is sued in his official capacity.

3          23.    Defendant Gabriel Buelna is a member of the Board of Trustees of the
4   District, which has policymaking authority over the District-wide policies and
5   procedures that were applied to deprive Shaw of his constitutional rights. The
6   Board of Trustees of the District is responsible for establishing rules and
7   regulations that govern the operation of Pierce College. Defendant Buelna acted
8   under the color of state law and is sued in his official capacity.

9          24.    Defendant Andra Hoffman is, and was at all times relevant to this
10  Complaint, a member of the Board of Trustees of the District, which has
11  policymaking authority over the District-wide policies and procedures that were
12  applied to deprive Shaw of his constitutional rights. Defendant Hoffman is the
13  current Vice President of the Board of Trustees of the District. The Board of
14  Trustees of the District is responsible for establishing rules and regulations that
15  govern the operation of Pierce College. Defendant Hoffman acted under the color
16  of state law and is sued in her official capacity.

17         25.    Defendant Ernest H. Moreno is, and was at all times relevant to this
18  Complaint, a member of the Board of Trustees of the District, which has
19  policymaking authority over the District-wide policies and procedures that were
20  applied to deprive Shaw of his constitutional rights. The Board of Trustees of the
21  District is responsible for establishing rules and regulations that govern the
22  operation of Pierce College. Defendant Moreno acted under the color of state law
23  and is sued in his official capacity.

24         26.    Defendant Steven F. Veres is a member of the Board of Trustees of the
25  District, which has policymaking authority over the District-wide policies and
26  procedures that were applied to deprive Shaw of his constitutional rights. The
27  Board of Trustees of the District is responsible for establishing rules and

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

1   regulations that govern the operation of Pierce College. Defendant Veres acted
2   under the color of state law and is sued in his official capacity.

3        27.    Defendant Charles Johnson is an Instructor on Special Assignment at
4   Pierce College who interfered with Shaw's ability to exercise his constitutional
5   right to freedom of expression on November 2, 2016, when he forced Shaw to stop
6   discussing his political views with his fellow students and distributing Spanish-
7   language copies of the Constitution outside of the Free Speech Area, informed him
8   that he would be asked to leave campus if he continued, and escorted him to
9   complete a permit application to use the Free Speech Area. Defendant Johnson
10   acted under the color of state law and is sued in his individual and official
11   capacities.

12                **V.**      **STATEMENT OF FACTS**
13   **A.**     **The District Free Speech Policy.**

14        28.    The District consists of nine community colleges and has a total of
15   enrollment of more than 150,000 students.

16        29.    The District is governed by an elected Board of Trustees and managed
17   by Defendant Rodriguez, the District Chancellor.

18        30.    The Board of Trustees promulgates and maintains a series of Board
19   Rules that are binding on the community colleges within the District.

20        31.    Among the Board Rules is, and was at all times relevant to this
21   Complaint, Los Angeles Community College District Board Rule, Chapter IX,
22   Article IX, Freedom of Speech (hereinafter the "District Free Speech Policy").
23   See Exhibit A.

24        32.    Upon information and belief, the District adopted the terms of the
25   District Free Speech Policy in their current form on or about April 20, 1989.
26   / / /
27   / / /
28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

33.   Upon information and belief, the Board of Trustees amended the District Free Speech Policy without any substantive changes on or about December 7, 2016.

34.   The District Free Speech Policy consists of numerous rules that govern the freedom of expression of students, staff, faculty members, and people who are not members of the college community on the District colleges' campuses.

35.   District Free Speech Policy Rule 9901 ("Rule 9901") states:

> The colleges of the Los Angeles Community College District are non-public forums, except for those portions of each college designated as Free Speech Areas are hereby designated as limited public forums, which designation may be removed and reverted to non-public forum designation by the Board of Trustees

36.   District Free Speech Policy Rule 9902 ("Rule 9902") states:

> The college president shall designate an area or areas on the college campus as areas for free discussion and expression by all persons. A Free Speech Area may only be located where there is a normal flow of student traffic with unlimited accessibility. Necessary campus rules governing the operation of such areas shall govern only the time, place and manner in which said areas are to be used.

37.   District Free Speech Policy Rule 9902.11 ("Rule 9902.11") restricts the distribution of literature, including "petitions, circulars, leaflets, newspapers, miscellaneous printed matter and other materials," to "the geographical limits of the Free Speech Area" on each campus.

38.   District Free Speech Policy Rule 9902.13 permits the president of each college to set "reasonable time restrictions on the use of the Free Speech Area, in order to ensure that all persons are given equal access to the use of the Free Speech Area." Rule 9902.13 further states: "The times at which the Free Speech Area may be used shall be subject to reasonable campus regulations."

39.   District Free Speech Policy Rule 9903 permits the college presidents to designate areas outside of the Free Speech Areas "where students, faculty and

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

staff may exercise freedom of expression subject only to reasonable time, place and manner restrictions."

**B.     Pierce College's Free Speech Area Policy and Practices.**

40.    Upon information and belief, Pierce College does not, and at all times relevant to this Complaint did not, publish rules or regulations regarding free speech or expressive activity specific to its campus on its website, on its student portal website, or in a student handbook or other student policy manual. Students, therefore, have no public, generally accessible means to discern any restrictions to which they are subject or under which they could be punished for engaging in speech or expressive activity on Pierce College's campus.

41.    Upon information and belief, Pierce College administrators have nonetheless internally designated one small "Free Speech Area" on campus for speech, expressive activity, and distribution of literature on campus, pursuant to District Free Speech Policy Rules 9901 and 9902.

42.    The Free Speech Area is indicated on Pierce College's online campus map with the words "Free Speech," but the map fails to indicate that speech, expressive activity, and distribution of literature on campus are restricted to this area.  See a true and correct copy of Pierce College's Online Campus Map, attached hereto as Exhibit B.

43.    Rules regarding use of the Free Speech Area, and the restriction of speech, expressive activity, and distribution of literature to that Area, are printed on applications for use of the Area and are titled "Rules for Distribution of Material and use of Free Speech Areas Off-Campus Entities" (the "Pierce College Free Speech Area Policy").  See a true and correct copy of Pierce College Application for use at Free Speech Area, attached as Exhibit C.

44.    Shaw became aware of the Pierce College Free Speech Area Policy only when he was prevented by Defendant Johnson from distributing literature and

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

speaking to students outside the Free Speech Area and was required to fill out a permit application with the attached Pierce College Free Speech Area Policy.

45.    The Pierce College Free Speech Area Policy states that "[t]here is one (1) area designated for free speech and gathering of signatures." This designated Free Speech Area "is located on the Mall within the red and black dotted lines."

46.    The Free Speech Area delineated "on the Mall within the red and black dotted lines" is approximately 616 square feet, comprising approximately .003% of the total area of Pierce College's 426 acres, and approximately .007% of the main area of campus featured in Pierce's online campus map (attached as Exhibit B), which excludes the approximately 226-acre farm dedicated to Pierce's agricultural and equestrian programs.

47.    The Pierce College Free Speech Area Policy states that "[t]he distribution of material/obtaining of signatures shall be allowed from 9:00am until 7:30pm, Monday through Friday."

48.    The Pierce College Free Speech Area Policy states:

> Individuals planning to distribute material on campus are required to go to the Vice President of Student Services Office located on the third floor of the Student Services Building between the hours of 9:00am and 4:00pm to:
>
> 1.    Report his/her presence on campus
>
> 2.    Identify the organization and give the names(s) of the distributor(s) and address of the organization
>
> 3.    Indicate how many people will be distributing along with the date(s) and time(s) of distribution

49.    The Pierce College Free Speech Area Policy incorporates the language of District Free Speech Policy Rule 9902.11 restricting the distribution of literature, including "petitions, circulars, leaflets, newspapers, miscellaneous printed matter and other materials," to "the geographical limits of the Free Speech Area."

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

50.     On its face, the Pierce College Free Speech Area Policy does not limit the discretion of the Vice President of Student Services Office, or other administrators responsible for its enforcement, to deny or approve an application because of the content or viewpoint of the speaker's intended message.

51.     The Free Speech Area at Pierce College is not open to spontaneous or anonymous speech because individuals must fill out an application for use of the space and identify themselves and their organizations prior to accessing the Free Speech Area.

52.     By requiring a permit application prior to accessing the Free Speech Area, and by prohibiting expressive activity and distribution of literature outside of the Free Speech Area, the Pierce College Free Speech Area Policy imposes a prior restraint on the freedom of expression of all Pierce College students.

53.     Upon information and belief, Pierce College has no other areas for free expression designated by the college president under District Free Speech Policy Rules 9902 or 9903.

54.     The Pierce College campus has many open areas and sidewalks beyond the Free Speech Area where student speech, expressive activity, and distribution of literature would not interfere with or disturb access to college buildings or sidewalks, impede vehicular or pedestrian traffic, or in any way substantially disrupt the operations of the campus or the college's educational functions.

55.     The Standards of Student Conduct printed in each Pierce College Schedule of Classes notify students that their conduct must conform to District and college rules and regulations. It further notifies students that violations of such rules and regulations may result in disciplinary action, including violations of Los Angeles County Community College District Board Rule 9803.11, which prohibits "[v]iolation of college rules and regulations including those concerning student

///

- 13 -

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

1    organizations, the use of college facilities, or the time, place, and manner of public

2    expression or distribution of materials."

3    **C.    The Pierce College Defendants Prevented Shaw from Exercising His**

4    **Rights in Violation of the Constitution of the United States.**

5    56.    On November 2, 2016, Shaw and two field representatives from

6    Young Americans for Liberty, a national pro-liberty organization, sought to

7    distribute Spanish-language copies of the United States Constitution and discuss

8    issues pertaining to freedom of speech with Pierce College students.

9    57.    Shaw and the representatives from Young Americans for Liberty set

10   up a small folding table outside of the Free Speech Area on the Pierce College

11   Mall, to the side of the large thoroughfare called "the Mall."

12   58.    Shaw and the two representatives intended to discuss their political

13   beliefs with students on the Pierce College campus. They were not disrupting

14   campus operations or interfering with foot traffic.

15   59.    Shortly after arriving on the Mall, they were approached by Defendant

16   Johnson.

17   60.    Defendant Johnson informed Shaw that he was in violation of Pierce

18   College's Free Speech Area Policy and that he was not permitted to engage in his

19   chosen expressive activity outside the Free Speech Area, and Defendant Johnson

20   insisted that Shaw accompany him into a building so that Shaw could complete a

21   permit application for use of the Free Speech Area.

22   61.    When Shaw asked Defendant Johnson what would happen if he

23   refused to accompany him into the building and continued his expressive activity in

24   his current location, he was told that he would be asked to leave the campus.

25   62.    Once inside the Associated Student Organization ("ASO") office,

26   Defendant Johnson prompted Shaw to fill out and sign a permit application, which

27

28

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

included the rules and restrictions contained in the Pierce College Free Speech Area Policy, as described above (attached as Exhibit B).

63.     Shaw requested a copy of the signed permit application. However, Defendant Johnson refused to provide him with a copy of the permit application that he had filled out and signed.

64.     On November 11, 2016, Shaw emailed Defendant Astorga and informed him that he intended to gather signatures outside of the Free Speech Area for the purpose of encouraging Pierce College to adopt a free speech policy statement produced by the Committee on Freedom of Expression at the University of Chicago.

65.     In his email, Shaw informed Defendant Astorga that he would not block access to Pierce College buildings, use amplified sound, or otherwise disrupt Pierce College's operations.

66.     On or about November 16, 2016, Shaw again attempted to distribute materials outside of the Free Speech Area. After distributing materials for several hours in an open, grassy area of campus outside of the Free Speech Area without encountering Defendant Johnson or any other administrator, Shaw observed a large protest that formed outside of the Free Speech Area to protest the election of then-President-Elect Donald Trump.

67.     Upon information and belief, Pierce College enforces its Free Speech Area policy selectively and unevenly, allowing speakers at various times to engage in expressive activity and distribute materials outside of the Free Speech Area and enforcing the Free Speech Area policy in other instances.

68.     Throughout November 2016, Shaw made repeated attempts to retrieve a copy of the permit application that he had filled out and signed and the attached Pierce College Free Speech Area Policy from the ASO office.

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

69.     Several individuals working at the ASO office on the instances Shaw went there to request the documents, including Defendant Johnson, refused to provide Shaw with a copy of the Pierce College Free Speech Area Policy or the permit application that he signed.

70.     On November 22, 2016, Shaw emailed Defendant Marmolejo, Pierce College's Dean of Student Services, and asked him for a copy of the Pierce College Free Speech Area Policy.

71.     In his email Shaw also informed Defendant Marmolejo that he was unable to locate a copy of the Pierce College Free Speech Area Policy on the college's website and that he was unable to find a copy of the policy on campus.

72.     Upon information and belief, the Pierce College Free Speech Area Policy is not made available on Pierce College's website, on its student portal website, or in a student handbook or other student policy manual. Copies are made available only in the ASO office or Vice President of Student Services Office.

73.     Instead of responding to Shaw's email, Defendant Marmolejo forwarded the email to Defendant Astorga.

74.     On November 22, 2016, Defendant Astorga replied to Shaw and informed him:

> The use of the Free Speech area is under my purview.  I do not recall meeting you or speaking with you in regards to this matter. Can you please describe the person that you interacted with?  All individuals that come onto the campus to use the free speech area are asked to fill out a free speech use form. Once that is done a copy of the policy and a permit is handed to each person that comes into our office.  Please come see me next time you would like to distribute any materials and I would be more than happy to provide you with the paperwork for you [sic].

75.     Shaw responded to Defendant Astorga's email on November 28, 2016, and set up a meeting to discuss the issue on December 1, 2016.

76.     On November 30, 2016, Shaw was informed that his meeting with Defendant Astorga was canceled.

- 16 -

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

77.     On December 7, 2016, Shaw stopped by the ASO office in an attempt to obtain a copy of the Pierce College Free Speech Area Policy and the permit application that he signed; however, Defendant Johnson and Geremy Mason, a Senior Secretary in the ASO office, refused to provide Shaw with a copy of the policy.

78.     Later that day, Shaw emailed Defendant Astorga to request a copy of the Pierce College Free Speech Area Policy.

79.     In this email, Shaw informed Defendant Astorga that he was told by Pierce employees, including Mason and Defendant Johnson, that Defendant Astorga had directed them not to provide Shaw with a copy of the Pierce College Free Speech Area Policy and permit application that he had signed.

80.     On December 8, 2016, Shaw again stopped by the ASO office to attempt to meet with Defendant Astorga and pick up a copy of the Pierce College Free Speech Area Policy and permit application that he had signed. At that time, Mason again told Shaw that he was not permitted to give Shaw a copy of the policy.

81.     Shaw refused to leave without a copy of the policy and application, prompting Mason to call Defendant Astorga on his cellular telephone.

82.     Defendant Astorga told Shaw over the telephone that he had not instructed Mason or Defendant Johnson to refuse to provide Shaw with a copy of the policy and his signed permit application.

83.     At that time, Defendant Astorga told Shaw that he had told Mason and Defendant Johnson not to provide Shaw with a copy of the Pierce College Free Speech Area Policy unless Defendant Astorga was there.

84.     Over the telephone, Defendant Astorga directed Mason to provide Shaw with a copy of the Pierce College Free Speech Area Policy and his signed permit application.

- 17 -

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

85.     Mason provided Shaw with a copy of the Pierce College Free Speech Area Policy and his signed permit application. See Exhibit C.

86.     Upon information and belief, no rules other than the Free Speech Area Policy govern use of Pierce College's Free Speech Area.

87.     Pierce College's policies and practices regarding student speech, expressive activity, and distribution of literature on campus have a chilling effect on Shaw's rights and those of all other Pierce students to engage freely and openly in such expressive activity.

88.     Shaw wishes to engage in expressive activity on campus, including petitioning for signatures and distribution of literature, without seeking prior permission or being limited to a tiny 616-square-foot space comprising less than .003% of campus. Shaw is fearful of punishment for taking his chances in simply exercising his First Amendment rights outside the Free Speech Area and hoping he does not run into an administrator charged with enforcing the Pierce College Free Speech Area Policy, who might charge him with a violation under the Standards of Student Conduct or contact the sheriff's office to remove him from campus.

/ / /

/ / /

/ / /

/ / /

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

# VI.    CAUSES OF ACTION

## First Cause of action

### Violation of the Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) District Free Speech Policy (Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman, Moreno, and Veres)

89.    Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

90.    The First and Fourteenth Amendments extend to the campuses of state colleges and universities. *See Healy*, 408 U.S. at 180. "With respect to persons entitled to be there, our cases leave no doubt that the First Amendment rights of speech and association extend to the campuses of state universities." *Widmar*, 454 U.S. at 268.

91.    The District Board of Trustees cannot legally declare the vast majority of public areas of District community college campuses to be "non-public forums." *Khademi v. S. Orange Cty. Cmty. Coll. Dist.*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002). Moreover, the District Board of Trustees cannot legally declare public areas of campuses designated as Free Speech Areas to be limited public forums, at least with respect to students and other university community members. *Roberts v. Haragan*, 346 F. Supp. 2d 853, 862 (S.D. Tex. 2004).

92.    Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman, Moreno, and Veres have promulgated and enforced a District-wide policy that explicitly designates the vast majority of Pierce College's campus a non-public forum; requires college presidents to identify specific areas for expressive activity, which it designates as limited public forums; and limits expressive activity, including distribution of literature, to those areas.  The result is that protected

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

1 │ expression is quarantined to small areas of District campuses, including at Pierce

2 │ College.

3 │     93.    To pass constitutional muster, time, place, and manner restrictions

4 │ must be "justified without reference to the content of the regulated speech" and

5 │ "narrowly tailored to serve a significant governmental interest," and they must

6 │ "leave open ample alternative channels for communication of the information."

7 │ *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984).

8 │     94.    Restricting all student expressive activity and distribution of literature

9 │ to designated Free Speech Areas impermissibly restricts student expression, does

10 │ not serve a significant government interest, does not allow ample alternative

11 │ channels for communication of students' messages, and is unconstitutionally vague

12 │ and overbroad.

13 │     95.    Defendants Rodriguez, Svonkin, Kamlager, Fong, Buelna, Hoffman,

14 │ Moreno, and Veres' decision to maintain and enforce the District Free Speech

15 │ Policy directly resulted in the deprivation of Shaw's and other students'

16 │ constitutional rights under the First and Fourteenth Amendments to the

17 │ Constitution.

18 │     96.    The District Free Speech Area Policy is challenged on its face and as

19 │ applied to Shaw.

20 │     97.    The denial of constitutional rights is an irreparable injury *per se*, and

21 │ Shaw is entitled to declaratory and injunctive relief as well as the reasonable costs

22 │ of this lawsuit, including his reasonable attorneys' fees.

23 │ / / /

24 │ / / /

25 │ / / /

26 │ / / /

27 │

28 │

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

## SECOND CAUSE OF ACTION

**Facial Challenge to Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983)**
**Pierce College Free Speech Area Policy**
**(Defendants Burke, Dixon-Peters, Marmolejo, and Astorga)**

98.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

99.   To pass constitutional muster, a time, place, and manner restriction must be "justified without reference to the content of the regulated speech" and "narrowly tailored to serve a significant governmental interest," and they must "leave open ample alternative channels for communication of the information." *Clark*, 468 U.S. at 293.

100.   Restricting all First Amendment activity to Pierce College's tiny, designated Free Speech Area impermissibly restricts student expression, does not serve a significant government interest, does not allow ample alternative channels for communication of students' messages, and is unconstitutionally vague and overbroad.

101.   Defendant Burke is responsible for the designation of the Free Speech Area under District Free Speech Policy Rule 9902.

102.   The Pierce College Free Speech Area Policy instructs permit applicants to file applications with the Vice President of Student Services Office over which Defendants Dixon-Peters and Marmolejo have administrative authority.

103.   The use of the Free Speech Area is under Defendant Astorga's purview.

104.   As a legal consequence of the Defendants Burke, Dixon-Peters, Marmolejo, and Astorga's violation of Shaw's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which are an irreparable injury *per se*, Shaw is entitled to declaratory and injunctive relief,

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

damages,[3] and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

**Facial Challenge to Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Prior Restraint Pierce College Free Speech Area Policy
(Defendants Burke, Dixon-Peters, Marmolejo, and Astorga)**

105.    Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

106.    By requiring a permit application prior to accessing the Free Speech Area, and by prohibiting expressive activity and distribution of literature outside of the Free Speech Area, the Pierce College Free Speech Area Policy imposes a prior restraint on the freedom of expression of all Pierce College students.

107.    Students have a First Amendment right to engage in expressive activities in the public areas of a state college or university without obtaining advance permission from government officials. *Widmar*, 454 U.S. at 267 n.5; *Papish v. Bd. of Curators of the Univ. of Mo.*, 410 U.S. 667 (1973). Permitting requirements are a prior restraint on speech, and there is a heavy presumption against their constitutionality. *Berger v. City of Seattle*, 569 F.3d 1029, 1037 (9th Cir. 2009); *Jews for Jesus, Inc. v. City Coll. of San Francisco*, 2009 U.S. Dist. LEXIS 1613, at *11–12 (N.D. Cal. Jan. 12, 2009).

---

[3] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

108.   The Pierce College Free Speech Area Policy contains a permitting requirement that forces all speakers to obtain advance permission from university officials prior to speaking on campus. It is a prior restraint on speech. Pierce College's policies and practices restricting First Amendment activities to the Free Speech Area ensure that all First Amendment activity on campus is subject to a prior restraint.

109.   By requiring that individuals provide their name, affiliation, and contact information, the Pierce College Free Speech Area Policy prohibits individuals from engaging in anonymous speech.

110.   The Pierce College Free Speech Area Policy unconstitutionally prohibits students from engaging in spontaneous expression due to the requirement that they seek permission before speaking.

111.   The Pierce College Free Speech Area Policy and its practices with respect to expression on campus fail to provide "narrow, objective, and definite standards," *see Shuttlesworth v. Birmingham*, 394 U.S. 147, 150 (1969), which "provide the guideposts that check the licensor and allow courts quickly and easily to determine whether the licensor is discriminating against disfavored speech," *see Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 758 (1988); *see also Seattle Affiliate of the October 22nd Coal. To Stop Police Brutality, Repression & the Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 799 (9th Cir. 2008).

112.   Defendant Burke is responsible for designating and creating the Free Speech Area pursuant to District Free Speech Policy Rule 9902.

113.   The Pierce College Free Speech Area Policy instructs permit applicants to file applications with the Vice President of Student Services Office over which Defendants Dixon-Peters and Marmolejo have administrative authority.

/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

114.   Defendant Astorga is responsible for enforcing the Pierce College Free Speech Area Policy.

115.   As a legal consequence of the Defendants' violation of Shaw's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which are irreparable injuries *per se*, Shaw is entitled to declaratory and injunctive relief, damages,[4] and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

**As-Applied Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) Pierce College Free Speech Area Policy and Practices (Defendants Burke, Dixon-Peters, Marmolejo, Astorga, and Johnson)**

116.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

117.   Defendant Johnson enforced the Pierce College Free Speech Area Policy by preventing Shaw from distributing literature or speaking to fellow students about his political views outside of Pierce's Free Speech Area on November 2, 2016.

118.   By preventing Shaw from distributing copies of the U.S. Constitution outside of the Free Speech Area, or speaking to fellow students about his political views, Defendant Johnson chilled Shaw's right to free expression and deprived

---

[4] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

119.   Defendant Astorga enforced the Pierce College Free Speech Area Policy by emailing Shaw on November 22, 2016: "All individuals that come onto the campus to use the free speech area are asked to fill out a free speech use form. Once that is done a copy of the policy and a permit is handed to each person that comes into our office.  Please come see me next time you would like to distribute any materials and I would be more than happy to provide you with the paperwork for you [*sic*]."

120.   Defendant Astorga further obstructed Shaw for several weeks from receiving a copy of the permit he had signed on November 2, 2016, or any written copy of the Pierce College Free Speech Area Policy, which is printed on the "free speech use form" to which Astorga's email refers.

121.   By instructing Shaw to fill out a "free speech use form" in order to distribute literature on campus and by maintaining and enforcing regulations of student expression that are not publicly available or guided by publicly discernable standards, Defendant Astorga chilled Shaw's right to free expression and deprived Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

122.   Defendants Burke, Dixon-Peters, Marmolejo, and Astorga have policymaking, administrative, and enforcement authority over Pierce College's policies and practices governing student speech and expressive activity. By designating only a tiny area of campus for speech and distribution of literature, requiring a permit for its use, and failing to provide generally available notice to students regarding such restrictions or any publicly discernable standards guiding those tasked with enforcing them, Defendants should reasonably have known that their actions and inactions would lead to the deprivation of clearly established

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

1  student rights to freedom of speech and expression secured by the First and

2  Fourteenth Amendments in the manner experienced by Shaw.

3       123.   Defendants violated Shaw's clearly established constitutional rights,

4  which any reasonable college official should have known, rendering them liable to

5  Shaw under 42 U.S.C. § 1983.

6       124.   The denial of constitutional rights is an irreparable injury *per se*.

7       125.   Shaw is entitled to a declaration that Defendants violated his First

8  Amendment rights. Additionally, Shaw is entitled to damages against Defendants

9  Burke, Dixon-Peters, Marmolejo, and Astorga[5] in an amount to be determined by

10  this Court, and the reasonable costs of this lawsuit, including reasonable attorneys'

11  fees.

12  / / /

13  / / /

14  / / /

---

18       [5] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

     Claims for monetary damages against Defendant Charles Johnson in his individual capacity are not pled in Plaintiff's First Amended Complaint per the Court's Order of May 1, 2018, [ECF No. 58], granting in part and denying in part Plaintiff's motion for leave to amend his Complaint.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

# FIFTH CAUSE OF ACTION

**As-Applied Violation of Shaw's Right to Freedom of Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Prior Restraint Pierce College Free Speech Area Policy and Practices (Defendants Burke, Dixon-Peters, Marmolejo, Astorga, and Johnson)**

126.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

127.   By forcing Shaw to stop engaging in expressive activity and requiring him to complete a permit application in order to access the Free Speech Area, as described above, Defendant Johnson imposed a prior restraint on Shaw's speech and expressive activity in violation of his right to freedom of expression under the First and Fourteenth Amendments.

128.   By instructing Shaw to fill out a "free speech use form" in order to distribute literature on campus and by maintaining and enforcing regulations of student expression that are not publicly available or guided by publicly discernable standards, as described above, Defendant Astorga chilled Shaw's right to free expression and deprived Shaw of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments.

129.   Defendants Burke, Dixon-Peters, Marmolejo, and Astorga have policymaking, administrative, and enforcement authority over Pierce College's policies and practices governing student speech and expressive activity. As described above, by designating only a tiny area of campus for speech and distribution of literature, requiring a permit for its use, and failing to provide generally available notice to students regarding such restrictions or any publicly discernable standards guiding those tasked with enforcing them, Defendants should reasonably have known that their actions and inactions would lead to the deprivation of clearly established student rights to freedom of speech and

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

expression secured by the First and Fourteenth Amendments in the manner experienced by Shaw.

130. Defendants violated Shaw's clearly established constitutional rights, of which any reasonable college official should have known, rendering them liable to Shaw under 42 U.S.C. § 1983.

131. The denial of constitutional rights is an irreparable injury *per se*, and Shaw is entitled to declaratory and injunctive relief. Shaw experienced emotional injury as a consequence of being denied his First Amendment rights.

132. Shaw is entitled to a declaration that Defendant Johnson violated his First Amendment rights. Additionally, Shaw is entitled to damages against Defendants Burke, Dixon-Peters, Marmolejo, and Astorga[6] in an amount to be determined by this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

---

[6] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

Claims for monetary damages against Defendant Charles Johnson in his individual capacity are not pled in Plaintiff's First Amended Complaint per the Court's Order of May 1, 2018, [ECF No. 58], granting in part and denying in part Plaintiff's motion for leave to amend his Complaint.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

## SIXTH CAUSE OF ACTION

### Declaratory Relief and Injunction (28 U.S.C. § 2201, *et seq.*)
### (all Defendants)

133.   Shaw repeats and realleges each of the foregoing paragraphs in this Complaint.

134.   An actual controversy has arisen and now exists between Shaw and Defendants concerning his rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time as to Counts I through V above.

135.   Shaw desires a judicial determination of his rights against Defendants as they pertain to his right speak, assemble, and distribute literature in the outdoor areas of Pierce College without being subjected to an unconstitutional prior restraint or unreasonable "time, place, and manner" regulations, which are not narrowly tailored to serve a substantial government interest, and which do not leave open alternative channels of communication.

136.   To prevent further violation of Shaw's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment issue, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring Pierce College's and the District's policies and practices unconstitutional.

137.   Further, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction prohibiting Defendants from enforcing their restrictions on Shaw's expressive activities to the extent they are unconstitutional, so as to prevent an ongoing violation of Shaw's constitutional rights. Shaw is suffering from irreparable harm from continued enforcement of the District's and Pierce College's unconstitutional policies and practices. Monetary damages are inadequate to remedy the harm suffered as a result of the deprivation of rights under the First and Fourteenth

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

Amendments, and the balance of equities and public interest both favor a grant of injunctive relief.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin Shaw respectfully requests that the Court enter judgment against Defendants and provide Shaw the following relief:

A.   A declaratory judgment stating that the District Free Speech Policy and Pierce College Free Speech Area Policy are unconstitutional facially and as applied and that they violate Shaw's rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

B.   A permanent injunction restraining enforcement of Defendants' unconstitutional policies and enforcement practices;

C.   A declaratory judgment that Defendants' censorship of Shaw's expressive activity without prior approval and outside of the Free Speech Area violated his First and Fourteenth Amendment rights;

D.   Monetary damages against Defendants Burke, Dixon-Peters, Marmolejo, and Astorga[7] in an amount to be determined by the Court

---

[7] Plaintiff acknowledges that his claims for monetary damages against Defendants Burke, Marmolejo, Dixon-Peters, and Astorga in their individual capacities were dismissed by the Court's January 17, 2018 Order [ECF No. 45]. To the extent that Plaintiff pleads claims previously dismissed by the Court, he does so solely for the purpose of ensuring those claims are not waived in any appeal. The Ninth Circuit has relaxed its previous rule "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint[,]" *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), to provide that claims dismissed with prejudice and without leave to amend need not be repled in order to preserve them for appeal. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 928 (9th Cir. 2012). However, because the Court's January 17 Order dismissing claims for monetary damages did not specify whether such claims were dismissed with prejudice and without leave to amend, Plaintiff repleads them here solely for purposes of preservation for appeal.

Claims for monetary damages against Defendant Charles Johnson in his individual capacity are not pled in Plaintiff's First Amended Complaint per the Court's Order of May 1, 2018, [ECF No. 58], granting in part and denying in part Plaintiff's motion for leave to amend his Complaint.

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No. **2:17-cv-02386-ODW-PLA**

to compensate for the Defendants' application of unlawful speech codes to interfere with Shaw's expressive activity without prior approval and outside of the "Free Speech Area";

E.   Shaw's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988 and other applicable law; and

F.   All other further relief to which Shaw may be entitled.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

First Amended Complaint For Injunctive Relief and Damages
*Kevin Shaw vs. Kathleen F. Burke, et al.*
Case No.  **2:17-cv-02386-ODW-PLA**

# VIII. <u>JURY TRIAL</u>

138.   Shaw demands a trial by jury on all claims triable by jury in this cause of action.


Dated: May 10, 2018

LEADER & BERKON LLP

By: /s/

Arthur I. Willner (State Bar No. 118480)
Attorneys for Plaintiff Kevin Shaw
Email: awillner@leaderberkon.com
LEADER & BERKON LLP
660 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Tel: (213) 234–1750; Fax (213) 234–1747

Marieke Tuthill Beck-Coon
Email: marieke@thefire.org
Brynne Sasha Madway
Email: brynne.madway@thefire.org
THE FOUNDATION FOR INDIVIDUAL
RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717–3473; Fax (215) 717–3440
Attorneys for Plaintiff Kevin Shaw

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES