1  CROWELL & MORING LLP
   Emily T. Kuwahara (CSB No. 252411)
2  515 South Flower St., 40th Floor
   Los Angeles, CA 90071
3  Telephone: 213.443.5556
   Facsimile: 213.622.2690
4  Email:     ekuwahara@crowell.com

5
   Attorney for Defendant Charles Johnson
6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  KEVIN A. SHAW,                    Case No. 2:17-cv-02386-ODW (PLAx)

12          Plaintiff,                Judge:      Hon. Otis Wright III

13      v.                            **DEFENDANT CHARLES JOHNSON'S
                                      ANSWER TO PLAINTIFF'S FIRST
14  KATHLEEN BURKE, *et al.*,         AMENDED COMPLAINT**

15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Charles Johnson hereby answers the claims and allegations of Plaintiff's First Amended Complaint dated May 16, 2018 (Dkt. No. 61) as follows, with numbered paragraphs corresponding to the paragraph number in the Amended Complaint:

## INTRODUCTION

1.      In response to paragraph 1, Defendant states that this paragraph contains legal conclusions, which do not require a response.  The Supreme Court opinions in *Healy v. James*, 408 U.S. 169 (1972) and *Widmar v. Vincent*, 454 U.S. 263 (1981) are written documents, and the contents of each opinion speak for itself. Defendant denies the remaining allegations in this paragraph.

2.      In response to paragraph 2, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

3.      In response to paragraph 3, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant admits that there exists a "Free Speech Area" on the Pierce College campus and that the Free Speech Area is delineated by painted lines, but denies the remaining allegations in this paragraph.

4.      In response to paragraph 4, Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

5.      In response to paragraph 5, Defendant admits that he talked to Plaintiff on or about November 2, 2016 and invited Plaintiff to complete paperwork. Defendant denies the remaining allegations in this paragraph.

6.      In response to paragraph 6, Defendant denies the allegations in this paragraph.

7.      In response to paragraph 7, Defendant admits the Amended Complaint seeks declaratory and injunctive relief and damages against Defendants Burke, Dixon-Peters, Marmolejo, and Astorga, and attorneys' fees.  Defendant lacks

///

CROWELL & MORING LLP
ATTORNEYS AT LAW

2

1   sufficient knowledge or information as to Plaintiff's purpose for bringing this

2   action. Defendant denies the remaining allegations in this paragraph.

3   <center>**JURISDICTION AND VENUE**</center>

4       8.      In response to paragraph 8, Defendant admits that the Amended

5   Complaint alleges causes of action under 42 U.S.C. § 1983 and seeks damages

6   pursuant to 42 U.S.C. § 1988.  Defendant denies the remaining allegations in this

7   paragraph.

8       9.      In response to paragraph 9, Defendant states that this paragraph

9   contains legal conclusions, which do not require a response.  To the extent a

10  response is required, Defendant admits that this Court has original jurisdiction over

11  causes of action pursuant to 42 U.S.C. §§ 1983, 1988.

12      10.     In response to paragraph 10, Defendant states that this paragraph

13  contains legal conclusions, which do not require a response.  To the extent a

14  response is required, Defendant alleges that the provisions cited are written

15  documents, and the contents of each speak for itself, and denies the remaining

16  allegations in this paragraph.

17      11.     In response to paragraph 11, Defendant states that this paragraph

18  contains legal conclusions, which do not require a response.  To the extent a

19  response is required, Defendant alleges that the provisions cited are written

20  documents, and the contents of each speak for itself, and denies the remaining

21  allegations in this paragraph.

22      12.     In response to paragraph 12, Defendant states that this paragraph

23  contains legal conclusions, which do not require a response.  To the extent a

24  response is required, Defendant alleges that the statutory provision cited is a written

25  document, the contents of which speak for itself, and denies the remaining

26  allegations in this paragraph.

27      13.     In response to paragraph 13, Defendant admits that venue in this Court

28  is proper.

**PLAINTIFF**

14.    In response to paragraph 14, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

**DEFENDANTS**

15.    In response to paragraph 15, Defendant admits that Defendant Kathleen F. Burke was at some time (but no longer is) the President of Pierce College.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

16.    In response to paragraph 16, Defendant admits that Defendant Earic Dixon-Peters is the Vice President of Student Services at Pierce College.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

17.    In response to paragraph 17, Defendant admits that Defendant William A. Marmolejo is Dean of Student Services at Pierce College.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

18.    In response to paragraph 18, Defendant admits that Defendant Juan C. Astorga is Dean of Student Engagement at Pierce College.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

19.    In response to paragraph 19, Defendant admits that Defendant Francisco C. Rodriguez is the Chancellor of the District.  Defendant lacks sufficient information to otherwise admit or deny the allegations in this paragraph.

20.    In response to paragraph 20, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

21.    In response to paragraph 21, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

22.    In response to paragraph 22, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

23.     In response to paragraph 23, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

24.     In response to paragraph 24, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

25.     In response to paragraph 25, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

26.     In response to paragraph 26, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

27.     In response to paragraph 27, Defendant admits that he is an Instructor on Special Assignment at Pierce College and spoke to Plaintiff on November 2, 2016 and invited him to complete paperwork.  Defendant denies the remaining allegations in this paragraph.

## STATEMENT OF FACTS

### A. The District Free Speech Policy

28.     In response to paragraph 28, Defendant admits the allegations in this paragraph.

29.     In response to paragraph 29, Defendant admits that the District is governed by an Elected Board of Trustees.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

30.     In response to paragraph 30, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

31.     In response to paragraph 31, Defendant responds that the document attached as Exhibit A is a written document, the contents of which speak for itself, and lacks sufficient information to admit or deny the remaining allegations in this paragraph.

32.     In response to paragraph 32, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

33.     In response to paragraph 33, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

34.     In response to paragraph 34, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

35.     In response to paragraph 35, Defendant states that Free Speech Policy Rule 9901 appears in written documents, the contents of which speak for themselves.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph but denies any inference of wrongdoing.

36.     In response to paragraph 36, Defendant states that Free Speech Policy Rule 9902 is described in written documents, the contents of which speak for themselves.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph but denies any inference of wrongdoing.

37.     In response to paragraph 37, Defendant states that Free Speech Policy Rule 9902.11 is described in written documents, the contents of which speak for themselves.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph but denies any inference of wrongdoing.

38.     In response to paragraph 38, Defendant states that Free Speech Policy Rule 9902.13 is described in written documents, the contents of which speak for themselves.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph but denies any inference of wrongdoing.

39.     In response to paragraph 39, Defendant states that Free Speech Policy Rule 9903 is described in written documents, the contents of which speak for themselves.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph but denies any inference of wrongdoing.

**B. Pierce College's Free Speech Area Policy and Practices**

40.     In response to paragraph 40, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT CHARLES JOHNSON'S ANSWER; CASE NO. 2:17-CV-02386-ODW-PLAx

41.     In response to paragraph 41, Defendant admits that Pierce College administrators designated a "Free Speech Area" on campus for speech, expressive activity, and distribution of literature on campus.  Defendant lacks sufficient information to admit or deny the remaining allegations.

42.     In response to paragraph 42, Defendant admits that Pierce College's online campus map, attached as Exhibit B, contains a reference to "Free Speech;" denies any inference of wrongdoing; and alleges the online campus map does not purport, and was not intended, to identify policies relevant to speech and expressive activities.

43.     In response to paragraph 43, Defendant admits that the "Rules for Distribution of Material and Use of Free Speech Areas Off-Campus Entities" appear in the document attached as Exhibit C to the Amended Complaint and titled "Use of the Free Speech Area."  Exhibit C is a written document, the contents of which speak for itself.  Defendant denies any remaining allegations or inferences in this paragraph.

44.     In response to paragraph 44, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

45.     In response to paragraph 45, Defendant admits that this paragraph recites an excerpt from the form titled "Use of the Free Speech Area," which is a written document, attached as Exhibit C, and the contents of that document speak for itself.  Defendant denies any remaining or inferred allegations.

46.     In response to paragraph 46, Defendant admits that there is an area on the Mall called the "Free Speech Area" delineated with red and block dotted lines. Defendant states that the document attached as Exhibit B is a written and illustrated document, the contents of which speak for itself.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

47.     In response to paragraph 47, Defendant admits that this paragraph recites an excerpt from the form titled "Use of the Free Speech Area," which is a

written document, attached as Exhibit C, and the contents of that document speak for itself.  Defendant denies any remaining or inferred allegations.

48.     In response to paragraph 48, Defendant admits that this paragraph recites an excerpt from the form titled "Use of the Free Speech Area," which is a written document, attached as Exhibit C, and the contents of that document speak for itself.  Defendant denies any remaining or inferred allegations.

49.     In response to paragraph 49, Defendant admits that this paragraph recites an excerpt from Rule 9902.11, as it appears in Exhibit C on a page appended to the form titled "Use of the Free Speech Area."  Each of the forms appearing in Exhibit C is a written document, and the contents of each document speak for itself.  Defendant denies any remaining or inferred allegations.

50.     In response to paragraph 50, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

51.     In response to paragraph 51, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

52.     In response to paragraph 52, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

53.     In response to paragraph 53, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

54.     In response to paragraph 54, Defendant admits that the Pierce College campus contains open areas and sidewalks beyond the designated Free Speech Area.  Defendant denies the remaining allegations in this paragraph.

55.     In response to paragraph 55, Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and states that to the extent the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

8

Standards of Student Conduct appear in a written document, the contents of that document speak for itself.

**C. The Pierce College Defendants Prevented Shaw from Exercising His Rights in Violation of the Constitution of the United States**

56.     In response to paragraph 56, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

57.     In response to paragraph 57, Defendant admits that on or about November 2, 2016, Shaw and two other individuals stood next to a folding table outside of the Free Speech Area on the Pierce College Mall, to the side of the Mall. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

58.     In response to paragraph 58, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

59.     In response to paragraph 59, Defendant admits that on or about November 2, 2016, he spoke with Plaintiff while on the mall of Pierce College. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

60.     In response to paragraph 60, Defendant admits that on or about November 2, 2016, he spoke with Plaintiff while on the mall of Pierce College and invited Plaintiff to complete paperwork.  Defendant denies the remaining allegations in this paragraph.

61.     In response to paragraph 61, Defendant admits that when asked by Plaintiff "what would happen if we were to just exercise our free speech peacefully and remain here where we are," Defendant responded, "you would be asked to leave campus . . . ."  Defendant denies the remaining allegations in this paragraph.

62.     In response to paragraph 62, Defendant admits that Plaintiff filled out a form titled "Use of Free Speech Area", which includes a section titled "Rules for Distribution of Material and Use of Free Speech Areas Off-Campus Entities,"

CROWELL
& MORING LLP
ATTORNEYS AT LAW

9

attached as Exhibit C to the Amended Complaint.  Defendant denies the remaining allegations and any inference that any person must complete a "permit application" in connection with speech or expressive activities on Pierce College's campus.

63.     In response to paragraph 63, Defendant admits that Plaintiff requested a copy of the form titled "Use of Free Speech Area."  Defendant denies the remaining allegations and any allegation or inference that Plaintiff, or any other student, was required to complete a "permit application" in connection with speech or expressive activities on Pierce College's campus.

64.     In response to paragraph 64, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

65.     In response to paragraph 65, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

66.     In response to paragraph 66, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

67.     In response to paragraph 67, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

68.     In response to paragraph 68, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

69.     In response to paragraph 69, Defendant denies any allegation or inference that Plaintiff, or any other student, was required to complete a "permit application" in connection with speech or expressive activities on Pierce College's campus.  Defendant denies that he refused to provide Shaw with a copy of the form title "Use of Free Speech Area" or the form that he filled out.  Defendant lacks sufficient information or knowledge to admit the remaining allegations in this paragraph.

70.     In response to paragraph 70, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

71.    In response to paragraph 71, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

72.    In response to paragraph 72, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

73.    In response to paragraph 73, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

74.    In response to paragraph 74, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

75.    In response to paragraph 75, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

76.    In response to paragraph 76, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

77.    In response to paragraph 77, Defendant denies any allegation or inference that Plaintiff, or any other student, was required to complete a "permit application" in connection with speech or expressive activities on Pierce College's campus.  Defendant denies that he refused to provide Plaintiff with a copy of a form that Plaintiff previously completed.  Defendant lacks sufficient information to admit or deny any allegation regarding the intent of Plaintiff's December 7, 2016 visit to the ASO office.

78.    In response to paragraph 78, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

79.    In response to paragraph 79, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

80.    In response to paragraph 80, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

81.    In response to paragraph 81, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

82.     In response to paragraph 82, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

83.     In response to paragraph 83, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

84.     In response to paragraph 84, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

85.     In response to paragraph 85, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

86.     In response to paragraph 86, Defendant denies the allegations in this paragraph.

87.     In response to paragraph 87, Defendant denies the allegations in this paragraph.

88.     In response to paragraph 88, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

89.     In response to paragraph 89, Defendant incorporates by reference the responses previously set forth to each and every allegation stated in the First Amended Complaint.

90.     In response to paragraph 90, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant admits that the Supreme Court opinion in *Healy v. James*, 408 U.S. 169 (1972) is a written document, the contents of which speak for itself.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

91.     In response to paragraph 91, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant admits that the opinions

12

in *Khademi v. South Orange County Community. College District*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002) and *Roberts v. Haragan*, 346 F. Supp. 2d 853, 862 (S.D. Tex. 2004) are written documents, the contents of which speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

92.    In response to paragraph 92, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant admits that the Board Rules apply to Pierce College.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

93.    In response to paragraph 93, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant admits that the opinion in *Clark v. Community for Creative Non-Violence*, 468 U.S. 288 (1984) is a written document, the contents of which speak for itself.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

94.    In response to paragraph 94, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant admits that the opinions in *Khademi v. South Orange County Community College District*, 194 F. Supp. 2d 1011 (C.D. Cal. 2002) and *Roberts v. Haragan*, 346 F. Supp. 2d 853, 862 (S.D. Tex. 2004) are written documents, the contents of which speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

95.    In response to paragraph 95, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

96.     In response to paragraph 96, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to challenge the "District Free Speech Area Policy" but lacks sufficient information to admit or deny the remaining allegations in this paragraph.

97.     In response to paragraph 97, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION

98.     In response to paragraph 98, Defendant incorporates by reference the responses previously set forth to each and every allegation stated in the First Amended Complaint.

99.     In response to paragraph 99, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant admits that the opinion in *Clark v. Community for Creative Non-Violence*, 468 U.S. 288 (1984) is a written document, the contents of which speak for itself.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

100.   In response to paragraph 100, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

101.   In response to paragraph 101, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1   102.   In response to paragraph 102, Defendant states that this paragraph

2   contains legal conclusions that do not relate to Defendant, to which no response is

3   required.  To the extent a response is required, Defendant admits that the "Use of

4   Free Speech Area" form, which provides for the distribution of materials on campus

5   grounds, is a written document, the contents of which speak for itself.  Defendant

6   lacks sufficient information to otherwise admit or deny the remaining allegations in

7   this paragraph.

8   103.   In response to paragraph 103, Defendant states that this paragraph

9   contains legal conclusions that do not relate to Defendant, to which no response is

10  required.  To the extent a response is required, Defendant lacks sufficient

11  information to admit or deny the allegations in this paragraph.

12  104.   In response to paragraph 104, Defendant states that this paragraph

13  contains legal conclusions that do not relate to Defendant, to which no response is

14  required.  To the extent a response is required, Defendant lacks sufficient

15  information to admit or deny the allegations in this paragraph.

16  **THIRD CAUSE OF ACTION**

17  105.   In response to paragraph 105, Defendant incorporates by reference the

18  responses previously set forth to each and every allegation in the First Amended

19  Complaint.

20  106.   In response to paragraph 106, Defendant states that this paragraph

21  contains legal conclusions that do not relate to Defendant, to which no response is

22  required.  To the extent a response is required, Defendant lacks sufficient

23  information to admit or deny the allegations in this paragraph.

24  107.   In response to paragraph 107, Defendant states that this paragraph

25  contains legal conclusions that do not relate to Defendant, to which no response is

26  required.  To the extent a response is required, Defendant admits that the judicial

27  opinions referenced in this paragraph are written documents, the contents of which

28  ///

1  speak for themselves.  Defendant lacks sufficient information to admit or deny the
2  allegations in this paragraph.

3      108.   In response to paragraph 108, Defendant states that this paragraph
4  contains legal conclusions that do not relate to Defendant, to which no response is
5  required.  To the extent a response is required, Defendant lacks sufficient
6  information to admit or deny the allegations in this paragraph.

7      109.   In response to paragraph 109, Defendant states that this paragraph
8  contains legal conclusions that do not relate to Defendant, to which no response is
9  required.  To the extent a response is required, Defendant lacks sufficient
10  information to admit or deny the allegations in this paragraph.

11      110.   In response to paragraph 110, Defendant states that this paragraph
12  contains legal conclusions that do not relate to Defendant, to which no response is
13  required.  To the extent a response is required, Defendant lacks sufficient
14  information to admit or deny the allegations in this paragraph.

15      111.   In response to paragraph 111, Defendant states that this paragraph
16  contains legal conclusions that do not relate to Defendant, to which no response is
17  required.  To the extent a response is required, Defendant admits that the judicial
18  opinions referenced in this paragraph are written documents, the contents of which
19  speak for themselves.  Defendant lacks sufficient information to admit or deny the
20  remaining allegations in this paragraph.

21      112.   In response to paragraph 112, Defendant states that this paragraph
22  contains legal conclusions that do not relate to Defendant, to which no response is
23  required.  To the extent a response is required, Defendant lacks sufficient
24  information to admit or deny the allegations in this paragraph.

25      113.   In response to paragraph 113, Defendant states that this paragraph
26  contains legal conclusions that do not relate to Defendant, to which no response is
27  required.  To the extent a response is required, Defendant admits that the "Use of
28  Free Speech Area" form, which provides for the distribution of materials on campus

grounds, is a written document, the contents of which speak for itself.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

114.   In response to paragraph 114, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

115.   In response to paragraph 115, Defendant states that this paragraph contains legal conclusions that do not relate to Defendant, to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

116.   In response to paragraph 116, Defendant incorporates by reference the responses previously set forth to each and every allegation stated in the First Amended Complaint.

117.   In response to paragraph 117, Defendant denies the allegations in this paragraph.

118.   In response to paragraph 118, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

119.   In response to paragraph 119, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

120.   In response to paragraph 120, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

121.   In response to paragraph 121, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

122.   In response to paragraph 122, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

123.   In response to paragraph 123, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

124.   In response to paragraph 124, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

125.   In response to paragraph 125, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

## **FIFTH CAUSE OF ACTION**

126.   In response to paragraph 126, Defendant incorporates by reference the responses previously set forth to each and every allegation stated in the First Amended Complaint.

127.   In response to paragraph 127, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph.

128.   In response to paragraph 128, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they pertain to him.

///

129.   In response to paragraph 129, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and denies the allegations in this paragraph to the extent they pertain to him.

130.   In response to paragraph 130, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

131.   In response to paragraph 131, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

132.   In response to paragraph 132, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

## SIXTH CAUSE OF ACTION

133.   In response to paragraph 133, Defendant incorporates by reference the responses previously set forth to each and every allegation stated in the First Amended Complaint.

134.   In response to paragraph 134, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

135.   In response to paragraph 135, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant admits that Plaintiff seeks a judicial determination

19

as described.  Defendant denies the remaining allegations in this paragraph as they pertain to him.

136.   In response to paragraph 136, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

137.   In response to paragraph 137, Defendant states that this paragraph contains legal conclusions, which do not require a response.  To the extent a response is required, Defendant denies the allegations in this paragraph as they pertain to him.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief sought in his PRAYER FOR RELIEF (pages 30-31 of the Amended Complaint) as it pertains to Defendant.

## **JURY TRIAL**

138.   Defendant admits that Plaintiff seeks a trial by jury as described in this paragraph.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff lacks standing to assert his claims in whole or in part.  Among other things, Defendant Johnson's job duties have changed such that he is no longer in a position to enforce any alleged policies and rules related to the use of the Free Speech Area at Pierce College.  There is no real or immediate threat that Plaintiff will be injured in the future by Defendant Johnson, nor is there an actual controversy between Plaintiff and Defendant Johnson.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint and each alleged claim and cause of action therein fails to set forth sufficient facts to state a claim for relief against Defendant.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

### THIRD AFFIRMATIVE DEFENSE

Defendant, who is named in his individual capacity, is informed and believes and thereon alleges that he is immune from liability for monetary damages based on qualified immunity.[1]

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff, by reason of his acts, omissions, representations, and course of conduct by which Defendant was led to rely to his detriment, is barred from any recovery on the Amended Complaint by virtue of the doctrine of estoppel.

### RESERVATION OF DEFENSES

Due to lack of information as to matters set forth in the First Amended Complaint, Defendant has insufficient information or belief as to whether he has additional and, as yet, unstated affirmative defenses available, and Defendant reserves the right to assert such additional affirmative defenses in the event discovery indicates they are proper.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Charles Johnson prays for judgment as follows:

1.  That Plaintiff takes nothing by reason of the allegations in the First Amended Complaint;

2.  That the First Amended Complaint be dismissed on the merits and with prejudice;

3.  For reasonable attorneys' fees, to the extent permitted;

4.  For costs of suit incurred herein, to the extent permitted; and

///

---

[1] Defendant alleges this affirmative defense to preserve such defense pending any future attempt by Shaw to assert claims for monetary damages against Defendant in his individual capacity.

1    5. For such other and further relief as the Court may deem just and

2    proper.

3    Dated:    June 11, 2018    CROWELL & MORING LLP

4

5    /s/    *Emily T. Kuwahara*

6    Emily T. Kuwahara

7    Attorney for Defendant Charles Johnson

LAACTIVE-603154619-3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28